## LEO v. McCOLLUM et al.

(District Court, E. D. New York. April 16, 1901.)

**1. OBSTRUCTIONS AT DOCK—INJURY TO VESSEL—FAULT OF MASTER.**

Recovery cannot be had for injury to a boat by its grounding on an obstruction at a dock, on the going down of the tide, where the master, though notified that there was an obstruction, and directed to breast the boat off from the dock, for which purpose a breasting plank had been fastened to the dock, failed to do so.

**2. SAME—EVIDENCE.**

It cannot be inferred that a boat at a dock would have tipped over when grounding at the going out of the tide, even if the master had breasted it off three feet from the dock, as directed, though the obstruction on which it struck extended more than three feet from the dock, other vessels of greater draft having customarily discharged there without injury.

Hyland & Zabriskie, for libelant.
James J. Macklin, for respondents.

THOMAS, District Judge. The libelant's canal boat, laden with 334 tons of soft coal, reached Newtown creek, and made fast to the respondents' wharf for the purposes of discharge, with the assistance of the agents of the servants of the respondents. The tide was at the time rising, furnishing sufficient water for a safe berth. About 2 o'clock in the morning of the following day, upon the going out of the tide, the boat grounded upon certain obstructions extending out to and under the bow and stern of the vessel, whereby she listed so as to permit the water to come over her deck; and for the injury received upon her filling and sinking from such cause this libel was filed. It appears by a preponderance of evidence that the master of the canal boat was notified that there was a projection, and he was directed to breast his boat off from the dock some three feet from the face thereof. The respondents had been painstaking to remove this obstruction, but had been unable to effect its entire removal. They had fastened a breasting plank to the dock, so that the outer end could be placed against the vessel for the purpose of holding it away from the dock, and such breasting plank, if used, would have held the vessel the distance of at least three feet from the dock. The master neither used this plank nor did he breast his boat off, but left it close alongside, and went to sleep till the water came into his boat, and then there was not time for securing her against the accident which happened. The weight of evidence shows that he was notified; that he did not employ the means of safety furnished, or any means, to protect his vessel; and he was culpable in that regard. But it is urged that the evidence shows that the obstruction extended further than three feet forward and aft of the canal boat, and that, if he had availed himself of the information given him, his vessel would have taken bottom, and the injury would have resulted. That is a speculation, unsupported by the facts. The evidence shows that vessels of much greater draft are customarily discharged at such dock without injury, and the inference is that the same good fortune would have attended this vessel ha

the master done his duty in the particulars above suggested. The considerations against the libelant preponderate, and the libel must be dismissed, with costs.