WOODBURN v. SHEEHY et al.

(Circuit Court of Appeals, Second Circuit. February 6, 1917.)

No. 122.

WHARVES ☞20(6)—ACTION FOR INJURY TO VESSEL—UNSAFE BOTTOM.

Respondent, as lessee of a portion of a pier on North River, *held* not liable for an injury to a scow by reason of the unsafe condition of the bottom of the slip, on the ground that the master did not place the scow where directed, and that the evidence was insufficient to show that the shoal water which caused the damage was opposite respondent's part of the pier.

[Ed. Note.—For other cases, see Wharves, Cent. Dig. § 42.]

Appeal from the District Court of the United States for the Southern District of New York.

Suit in admiralty by Robert M. Woodburn against Michael J. Sheehy and Frank M. Bedell. Decree for respondents, and libelant appeals. Affirmed.

This was a libel filed to recover damages caused to a coal scow by reason of the unsafe condition of the bottom of a slip adjacent to a pier on the North River. The respondents leased 160 feet of the inner portion of the pier. There were beyond this about 50 feet of the pier under the control of the city of New York, and beyond that, and farther out, 250 feet under the control of one Mulligan. The scow was so placed that the bow was brought against the pier, pointing toward the northwest, while the stern was pointing toward the bulkhead, but lay out in the slip a few feet from the pier, because the scowman was unable to bring it up to the pier, owing to the shoalness of the slip. The scowman took no soundings, but made fast the stern of his boat to the niggerhead on the pier. When the tide ebbed, the line parted, and the scow slid down on the uneven bottom, was strained, and filled. The respondent Sheehy testified that he had directed the scowman to make fast his boat to the barge Agnes Hickey, where the water was deep.

The District Judge expressly held that he believed the testimony of the respondent Sheehy. The respondents apparently did not know that the bottom was uneven, and the scow was almost entirely, if not wholly, on property of the city and of Mulligan, who had leased the outward portion of the pier. The scow was 100 feet long, and apparently not more than 10 or 15 feet of it, at most, was opposite respondents' portion of the pier, and it was not satisfactorily shown that any part of the shoal on which the scow was grounded was opposite respondents' leasehold. The District Judge dismissed the libel accordingly.

Park & Mattison, of New York City (Samuel Park, of New York City, of counsel), for appellant.

Foley & Martin, of New York City (William J. Martin and George V. A. McCloskey, both of New York City, of counsel), for appellees.

Before COXE and WARD, Circuit Judges, and HAND, District Judge.

AUGUSTUS H. HAND, District Judge (after stating the facts as above). We think the libelant has not proved that the shoal, which caused the damage, was opposite respondents' portion of the pier, and consequently no cause of action has been established, and the libel was properly dismissed. Moreover, the fact that the scowman did not place his scow along the Agnes Hickey, as directed by the respondent Sheehy, where she would have been safe, and that he took no pains to get her to a place where there was plenty of water when he found she was bearing against an uneven bottom, shows that the fault of the owner caused the injury.

The decree must be affirmed.