MOREY v. CITY OF NEW ROCHELLE et al.

(Circuit Court of Appeals, Second Circuit. November 13, 1918.)

No. 5.

1. WHARVES ⬦⬦20(1)—WHARFINGER—DUTY OF CARE.
    A wharfinger is bound to exercise ordinary care and diligence, and no more.

2. WHARVES ⬦⬦20(3)—WHARFINGER—NEGLIGENCE.
    The fact that a wharf is so built, or that the berths alongside it are so obstructed, that special care is necessary on the part of any vessel using the wharf, is not per se evidence of that lack of care and diligence on the part of the wharfinger which is negligence, and the existence of danger only increases the quantum of the wharfinger's duty.

3. WHARVES ⬦⬦20(5)—WHARFINGER—NEGLIGENCE.
    Where a municipal wharf was built on a ledge of rock in such a manner that there was an under-water projection on the face of the completed wharf, necessitating the use of planks or beams, with appropriate toggles, to keep vessels off the projection, a vessel is justified in assuming that the wharfinger has the best information as to the condition of the premises, and where the master refused to use appliances furnished by the wharfinger, but relied on his own, which proved insufficient, the wharfinger is not liable.

4. SHIPPING ⬦⬦63—MASTER—NEGLIGENCE—ACT OF MASTER.
    Where the master of a vessel declined to use appliances furnished by the wharfinger to keep his vessel off an under-water projection, and the vessel was injured, held, that negligent act of master was imputable to owner of vessel.

Appeal from the District Court of the United States for the Southern District of New York.

Libel by Stephen W. Morey against the City of New Rochelle and another. From a decree for libelant for half damages only, the named respondent appeals. Reversed and remanded, with directions to dismiss libel.

Libelant owned a coal barge of a not unusual size, which was sent to New Rochelle and berthed at a public wharf owned by the city; the municipality collecting the wharfage. This wharf had been in existence for upwards of ten years, and stands upon a ledge of rock rising above the general bottom level. To get a holding or resting place on the ledge for the wharf foundation, it is somewhat set back from the ledge edge.

This construction produces an under-water projection along the face of the completed wharf, which projection at at least one place is something over four feet, and nowhere less than one foot. Vessels lying alongside the wharf will, unless breasted off at least as much as the ledge projects, catch upon it with the fall of the tide.

The city employed a wharf master, and furnished means in the shape of planks or beams, with appropriate toggles affixed, by which boats using the wharf could be, and for years had been, kept clear of the aforesaid under-water projection.

Libelant's boat came to this wharf in charge of an experienced boatman, who was told by the wharf master of the ledge projection and offered the city's appliances for keeping himself breasted off. He did not like them, thought they were "no good," and substituted therefor a contrivance of his own, which he thought superior. The weather was unfavorable; the boat master's apparatus failed him; his vessel came too close to the wharf, was

caught on the projection, and severely strained. To recover for the damage thus caused this action was brought, and the District Court held that the city was "negligent in maintaining such a dangerous berth," but that the boat master "would have known the extent of the danger if he had kept his eyes open," and therefore awarded the libelant half damages only. Respondent thereupon appealed, and on this hearing the libelant urged demand for full damages.

Walter G. C. Otto, of New York City (Arthur H. Longfellow and John Hunter, both of New York City, of counsel), for appellant.

Hyland & Zabriskie, of New York City (Nelson Zabriskie, of New York City, of counsel), for appellee.

Before WARD, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1] Admittedly the city's responsibility is that of a wharfinger. One occupying this position is bound to "ordinary care and diligence," and no more. Toxaway, etc., Co. v. Sulzberger, 242 Fed. 888, 155 C. C. A. 476.

[2-4] The mere fact that a wharf is so built, or that the berths alongside it are so obstructed, that special care is necessary on the part of any vessel using the wharf, is not per se evidence of that lack of care and diligence which is negligence. The existence of danger only increases the quantum of the wharfinger's duty, and he must inform those in charge of vessels patronizing his wharf of just what they must expect to encounter. A vessel is justified in assuming that the wharfinger has better information than any one else in regard to the condition of his own premises. The Stroma, 50 Fed. 557, 1 C. C. A. 576. In this case proper information was given and means tested by time supplied for guarding against the known and recognized danger. Libelant's master, who was his agent, chose to pursue methods of his own, and no reason appears why the principal should not be bound by his agent's act. No legal difference exists between this case and that of Leo v. McCollum (D. C.) 107 Fed. 742, which in our opinion was well decided.

Finding, therefore, no negligence or lack of diligence on the part of the city as wharfinger, it is ordered that the decree appealed from be reversed, with costs of this court, and the cause remanded, with directions to dismiss the libel, with costs below.