## BERWIND-WHITE COAL-MINING CO. et al. v. BUSH TERMINAL CO.

(Circuit Court of Appeals, Second Circuit. January 7, 1924.)

No. 141.

1. **Wharves ☞20(3)—Owner liable only for want of ordinary care respecting safety of adjacent waters.**

A wharf owner is required to exercise ordinary care only in respect to the safety of the waters in the immediate neighborhood of its wharf.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Wharves ⊛⇒20(3)—Owner held not liable for injury of vessel from obstruction in slip.**

Owner of a wharf, which had resumed possession from the United States, which had been using it under requisition, but a few days, *held* not liable for injury to a vessel from a temporary obstruction in an adjoining slip, of which it had no knowledge.

Appeal from the District Court of the United States for the Eastern District of New York.

Suit in admiralty by the Berwind-White Coal-Mining Company and another against the Bush Terminal Company. Decree for respondent, and libelants appeal. Affirmed.

Macklin, Brown & Van Wyck, of New York City (Pierre M. Brown, of New York City, of counsel), for appellants.

Park & Mattison and Henry E. Mattison, all of New York City (Samuel Park, of New York City, of counsel), for appellee.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

PER CURIAM. Libelant's scow, in tow of a tug also belonging to the same owner, was moving in a slip between two piers both owned by respondent. While thus moving, the rake of the scow struck a pile, evidently so waterlogged that one end of it had caught in the mud, while the other end was partly waterborne. This spearlike projection was struck by the tug at a point several feet below the surface of the muddy water, sinking the scow. Prompt investigation by a diver located the pile substantially as above described. Two or three days afterward other efforts were made to find this obstruction, but it had disappeared.

This libel was brought on the theory that the owner of the adjacent piers or wharves was liable for the consequences of this obstruction, which we find to have been temporary and actually unknown down to this accident, both by said wharf owner and the navigating public. Both of the wharves or piers bounding the slip had been used under requisition by the United States, and the last of them had been returned into respondent's possession less than a week before this accident. The District Court dismissed the libel, and in our opinion rightly.

[1] The responsibility of a wharf owner for the safe condition of the waters in the immediate neighborhood of its wharf is certainly no greater than is his responsibility for the condition of the wharf itself. The duty of a wharf owner as to his wharf is to exercise ordinary care and diligence and no more. Toxaway v. Sulzberger, 242 Fed. 888, 155 C. C. A. 476; Morey v. New Rochelle, 254 Fed. 425, 166 C. C. A. 57; Tracy v. Marks (C. C. A.) 283 Fed. 100. The same rule has been applied to the approaches to a wharf, pier or dock. Daly v. New York Dock Co., 254 Fed. 691, 166 C. C. A. 189. See, also, Woodburn v. Sheehy, 240 Fed. 952, 153 C. C. A. 638. There is nothing inconsistent with these rules in Smith v. Havemeyer (C. C.) 36 Fed. 927.

It is quite true that a wharfinger may be responsible for the consequences of a defect in his wharf or other danger which imperils ves-

sels, either there obtaining a berth or about so to do, and that such liability does not necessarily depend upon his actual knowledge of the danger. But the measure of his responsibility is negligence, i. e., lack of care under the circumstances; and it is on this principle that he is held liable for what he ought to have known, i. e., his not knowing it must be found as a fact to result in negligence.

[2] In this case there was no negligence. The danger was of an extraordinary nature, temporary (as we find), and most elusive. Furthermore, respondent had been in full possession of the adjacent wharves only a few days. These facts constitute the circumstances, and upon them it is impossible to predicate negligence.

Decree affirmed, with costs.