## CONNERS MARINE CO., Inc., v. BESSON & CO.

### No. 192.

Circuit Court of Appeals, Second Circuit.
Feb. 7, 1938.

Thomas A. McDonald, of New York City, for libelant-appellant.

Macklin, Brown, Lenahan & Speer, of New York City (Richard F. Lenahan and Horace L. Cheyney, both of New York City, of counsel), for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

Appellee owns a coalyard on the bank of the Hudson River, at Dobbs Ferry, N. Y. There is a bulkhead extending along the front of the yard at which boats can discharge cargoes consigned to it. A short pier, owned by the appellee, extends from the south end of this bulkhead and there is a breakwater at the north end. Appellant's scow, loaded with a cargo of coal consigned to appellee, was landed by a tug at the end of the pier. Vessels consigned to appellee were of necessity left at the end of this pier because they could only be pulled into the unloading berth by means of a steam winch and line which was owned and operated by appellee. This scow was tied up on the evening of December 24, 1933, and remained at the end of the pier until December 29, 1933. At that time a thaw caused the ice in the river to break up, making it necessary to move the scow into the loading berth, where it would be more sheltered from ice floes. The superintendent in charge of the dock attempted to do this, with the aid of the captain of the scow, but difficulties were experienced because the ice in the berth first had to be broken by appellee's bucket. Appellee had a line out from a steam winch on the dock attached to the stern of the scow, which was facing north, and then around a post on the dock. The scow was pulled diagonally into the berth. The port stern corner grounded, the port bow being just inside the end of the pier and the starboard bow projecting beyond. The starboard side was exposed to the river, the scow lying between the pier end and the bulkhead. The superintendent attempted to take off some cargo so as to lighten the load, but, after about 20 tons had been removed, a large floe of ice struck the starboard side of the scow and forced it against the upper side of the pier and the bulkhead, with consequent damage.

The District Court relieved appellee of liability on the theory that the presence of an unusually heavy ice floe could not have been foreseen. We think the court below erred in not finding appellee negligent. The scow could not be towed into the berth by the tug which brought her to the dock and it was necessary to leave her at the end of the pier in the care of appellee. It was clearly foreseeable that there might be heavy ice conditions in the river at this time of the winter season, whether due to a thaw or otherwise. Since appellant had no further control over the scow, appellee had a duty to move her into the loading berth where she would be protected from ice floes. This should have been done within a reasonable time after the scow was placed at the end of the pier. However, appellee allowed the scow to remain there for at least three days after becoming aware of her presence. It was not until the danger actually appeared that appellee attempted to move the scow from her exposed position. If appellee had acted promptly, there would have been sufficient time to get the scow into the safety of the loading berth before the advent of dangerous ice conditions due to the thaw. Appellee was negligent in delaying until danger was imminent and then grounding the barge in an exposed position. Appellee may not be excused because ice hindered the operation of placing her in a berth. Under the circumstances, the existence of danger only increased the quantum of the duty resting upon the appellee. The appellant was justified in assuming that the appellee was better informed than any one else in regard to the condition of the premises and the danger of ice. Morey v. City of New

Rochelle, 2 Cir., 254 F. 425, 426. The presence of ice floes in the river at this season of the year was not an act of God excusing the appellee from liability. Dittmar v. Sargent, 2 Cir., 277 F. 237; The R. G. Townsend, 2 Cir., 278 F. 726.

Decree reversed.