Choate, L. J.
This is a libel brought by the owner of the canal-boat Captain Geo. M. Wright to recover damages for a collision. The libel alleges that the steam-tug Vim, on the fifth day of March, 1880, was proceeding up Long Island sound, bound from New York to Glen Cove, having in tow the libellant’s canal-boat on her port side, and two other boats or barges on her starboard side, when, at about 2 o’clock in the morning, and when two-thirds of the way, or nearly that, between Hart’s island and Sand’s Point, the said tug came into collision in mid-channel with said schooner Spartel, bound to New York, so that the Spartel struck libel *875 lant’s boat in the stem, and inflicted such severe injuries that she had to be towed ashore and beached; that libellant’s boat was under the control of the Vim, and entirely helpless and unable to avoid the collision; that she was seaworthy, and properly manned and equipped.
The libel then proceeds as follows: “Tour libellant charges, in general terms, both the tug Vim and the sehooner Spartel for the said collision. The channel is many miles in width at the place of the collision, and there was no need of the schooner and the tug coming in contact, and it was gross negligence for them to have done so. Your libellant particularly charges negligence in the steam-tug and the schooner for not having seasonably seen each other.” Then follows the statement of damage and the prayer for process.
To the libel the owners of the schooner and the owners of the tug, both of whom have appeared as claimants to defend the suit, have filed the following exceptions: (1) That it does not allege any particular act of negligence on the part of the said schooner, [or steam-tug,] except that she did not see the said steam-tug [or schooner] in time; (2) that it does not state which way the wind was blowing or the tide running; (3) that it gives none of the particulars of the collision.
The exceptions are well taken. The rules in admiralty require the libel to contain a statement of “the various allegations of fact upon which the libellant relies in support of his suit, so that the defendant may be enabled to answer distinctly and separately the several matters contained in each article.” Adm. Eule 23. The practice under this rule requires a plain statement of the movements of the two vessels as they approached each other, their courses, and the mode in which they were sailed or handled, and the circumstances of wind and tide, where these have any bearing on the case, as they generally have, and also a distinct statement of the acts of negligence or faults of navigation which are claimed to have caused or contributed to the disaster, and such a statement of the circumstances of the collision that the connection between the alleged faults and the collision, as cause and effect, can be plainly understood. This libel contains no such *876 statement or details. The averment of a charge of negligence, in general terms, against both schooner and steam-tug, is too uncertain and indefinite to be considered an allegation ©f any particular negligence at all.
The only specific charge is the not seeing the other vessel seasonably. This may possibly be equivalent to the ordinary averment of not keeping a good lookout. But there is nothing to show how or why this fault caused the collision.
if the claimants had seen fit to go to trial on this libel, the only act of negligence upon which either of the vessels could be held would be the not seeing the other in time. If libellant failed to prove this his libel would be dismissed. But the claimants, even as to this charge, are entitled to a more definite and detailed statement of the facts of the collision.
It is suggested that the owner or master of the canal-boat, not being in any way responsible for her navigation while in tow, lashed along-side of a tug, has not the means of knowledge, or the information as to the circumstances and causes of the collision, which the owners of the two vessels, or those whom they have placed in charge of them, must be presumed to have.
If, however, a libellant on this ground seeks to excuse himself, in some particulars, from that fulness of statement which the practice requires, it should appear in the libel that he has not knowledge, or means of information, sufficient to state the details in question. The presumption is that there was somebody on the canal-boat at the time, and that a party having a cause of action can ascertain the material facts on which it is based. Of course, greater indulgence, both in the matter of pleading and in the matter of amending pleadings to conform to the facts proved, will be granted to persons thus situated, having less full means of information, and less obligation to observe the movements of the vessels, than the principal actors in them have.
But this rule of practice is wholesome and necessary for the ascertainment of the real issues to be tried, and for fair play between the parties upon the trial of the cause. Exceptions sustained; the libellant to have one week to amend his libel, and to recover no proctor’s fee in the suit in any event.