### SMITH v. HAVEMEYER et al.

(*Circuit Court, S. D. New York.  December 1, 1888.*)

WHARVES—LIABILITY OF OCCUPANT—DAMAGE TO VESSEL—REASONABLE CARE.
The occupants of a pier, the foundation of which extends outward like stairs. and which has a spike projecting below the water, may, by the exercise of reasonable care, discover the danger, and are liable for injury caused thereby, though the pier has been used for many years with safety.

In Admiralty.  On appeal from district court.  32 Fed. Rep. 844.
Libel by Smith against Havemeyer and others for damages occasioned by an unsafe pier.  Decree for libelant, and respondents appeal.
*John E. Parsons*, for appellants.
*Goodrich, Deedy & Goodrich*, for appellee.

WALLACE, J.  This is an appeal from a decree of the district court in favor of the libelant in a cause *in personam* for damages suffered by the barkentine *Formosa* while lying at a pier in Brooklyn, of which the appellants were the occupants, and to which the vessel had proceeded at their invitation to discharge her cargo and deliver it to them.  The *Formosa* was moored to the pier at flood tide, with her starboard side next the pier.  After the tide began to fall she listed to port, away from the pier; and the starboard chocks, through which her two mooring hawsers passed, were torn out by the strain upon them, and the hawsers themselves were broken.  With the next flood tide the vessel righted.  An examination by a diver the next day disclosed that the stone foundation of the pier below the water extended outward, so that "he could go up the pier like a pair of stairs," and that at a point some eight feet below the surface of the water at low tide there was a spike projecting two or three inches from one of the spiles of which the crib-work of the pier was built.  Besides the injury to the vessel by the breaking of her chocks and hawsers, some of her copper was torn off on her starboard side by the spike while she was falling with the tide.  It is in evidence that vessels like the *Formosa* had used the pier for the past 10 years without receiving any injuries.  The appellants were not aware of the peculiar shape of the foundation of the pier, or of the existence of the spike.  There is no evidence to indicate that the vessel was not moored to the pier in the customary way, and none from which it can be properly inferred that there was any negligence on the part of those in charge of her which contributed to the accident.  The excessive strain upon her hawsers was caused by her list to port as the tide went down, owing to her contact with the projecting foundation of the pier below the water.  Upon the case made by the libelant it was for the appellants, if they relied upon the defense of contributory negligence of the libelant, to establish it affirmatively.  *Railroad Co.* v. *Gladmon*, 15 Wall. 401; *Railroad Co.* v. *Horst*, 93 U. S. 291.  It was not necessary for the libelant to show that the appellants were aware of the vices and defects in the structure which

occasioned the injury to the vessel. It suffices to charge the appellants with negligence that they could have discovered them if they had exercised proper care to inform themselves of the condition of the structure. The occupant who is in control of a pier or wharf is not an insurer of the safety of the structure towards those whom he invites to use it, but he owes them the duty to exercise reasonable care that its condition shall be such that they will not be exposed to unnecessary and unusual hazard of property or person in consequence of imperfections which they are not required to anticipate; and if there is such a vice or defect which is known to him, or which, by the use of ordinary care and diligence, should be known to him, his obligation is not fulfilled. The breach of this obligation is negligence, which makes him responsible to the injured party.

The precise question has been considered in some of the adjudged cases. In *Docks* v. *Gibbs*, 11 H. L. Cas. 512, the action was for negligence against the corporation having the management of the Liverpool docks, to recover damages to a vessel and cargo, sustained because the vessel while endeavoring to enter into the dock struck upon and became imbedded in a bank of mud at the entrance. Upon the trial in the court of exchequer the jury were instructed that it was not necessary for the plaintiff to prove knowledge on the part of the defendant of the unfit state of the docks, but that proof that the defendants by their servants had the means of knowledge, and were negligently ignorant of it, was sufficient. This instruction was approved in the house of lords. In *Wendell* v. *Baxter*, 12 Gray, 494, the court approved an instruction to the jury that the owners of a wharf were bound to keep it safe for the uses for which it was employed, and that the plaintiff was entitled to recover for injuries sustained through a defect, "unless the defect was latent, and so hidden and concealed that it could not be discovered by such examination and inspection as the condition, use, and exposures of the wharf reasonably required." In *Nickerson* v. *Tirrell*, 127 Mass. 236, the court, in defining the obligations of a dock-owner towards those invited to use the dock, said:

"If there is a defect which is known to him, or which, by the use of ordinary care and diligence, should be known to him, he is guilty of negligence, and liable to the person who, using due care, is injured thereby."

The evidence that vessels had used the pier for many years with safety, was valuable as tending to show that there was no defect or unfitness in its construction likely to occasion injury to vessels using it, but became quite unimportant when it appeared beyond doubt that there were defects capable of producing mischief which could have been readily discovered by proper examination of the structure. The decree of the district court is affirmed, with costs of this appeal.