MANHATTAN TRANSP. Co., Limited, *v.* MAYOR, etc.[1]

*(District Court, S. D. New York. December 11, 1888.)*

WHARVES—CONCEALED OBSTRUCTION.

A wharf-owner is liable for damage caused to a vessel by concealed obstructions which might have been ascertained by the owner with reasonable diligence.

In Admiralty.   Libel for damages.

*Wilcox, Adams & Macklin,* for libelant.

*Henry R. Beekman,* for respondent.

BROWN, J.   The liability of the owner of a wharf for damages caused to a vessel by concealed obstructions which might have been ascertained by the owner by reasonable diligence has been frequently declared as a rule of law.   *Christian* v. *Van Tassel,* 12 Fed. Rep. 884.   The case of *Smith* v. *Havemeyer,* 32 Fed. Rep. 844, has been recently affirmed in the circuit court, reasserting the same doctrine.   36 Fed. Rep. 927. See, also, *The Moorcock,* 13 Prob. Div. 157.

The libelant's canal-boat was moored on March 10, 1888, along the bulk-head between the piers off Sixty-First and Sixty-Second streets, East river, heading up.   On the following morning she was found sunk.   An examination showed that two or three of her planks were broken on the port side, not far from her keel, and the adjoining planks chafed and rubbed up to the bilge.   This was from 15 to 20 feet aft of the stem. Her captain estimates that she was moored with her stem about 45 feet below the Sixty-Second street pier.   When found sunk, her stem-lines were broken, and her bow swung off a considerable distance into the deep water.   Other evidence shows that she sank about 3 o'clock A. M., about the time of low water there.   Subsequent examination of the bottom showed a bowlder at a point about 75 feet below the Sixty-Second street pier, and from 6 to 8 feet off the bulk-head.   This corresponds as nearly as is to be expected with mere estimates of the position of the boat; and as no other probable or adequate cause appears for the wound in the bottom of the boat, or for her sinking, I must find it to have been caused by the bowlder above referred to.   That was 7.3 feet below the surface at low water.   The canal-boat drew between 8 and 9 feet. If she had first sunk from leaking, and then slid down the incline against some bowlders in the deeper water outside, the wound would have been on the starboard side.   No cause for her leaking before striking the bowlder appears, the allegation that she was previously in leaky condition not being sustained.

The master of the boat had no notice of any obstruction in that locality, though he was cautioned to keep away from the upper corner, and for that reason, as he says, moved his boat considerably downward. The obstruction being one that was discoverable by reasonable care on the defendant's part, the libelant, not being in fault, is entitled to a decree, and to an order of reference to compute the damages.