O'ROURKE *v.* NEW YORK DYEWOOD EXTRACT & CHEMICAL CO.[1]

(District Court, S. D. New York. March 31, 1891.)

SHIPPING—VESSELS AT WHARVES—CONCEALED SEWER—NECESSITY FOR NOTICE.
A boat which, in the ordinary course of business, moored at high water, in the usual way, at respondent's bulkhead, where the master had never before been, and which at low water was sunk by a discharge from a sewer, concealed at high water, and of which her master was not notified, was *held* entitled to recover her damages by reason of the failure of respondent to give notice of the concealed danger.

In Admiralty. Libel by Patrick O'Rourke against the New York Dyewood Extract & Chemical Company for damage to a canal boat sunk by discharge from a sewer while lying at respondent's bulkhead. Decree for libelant.

Stewart & Macklin, for libelant.
Charles H. Russell, for respondent.

BROWN, District Judge. The evidence leaves no doubt, I think, that the discharge of water from the sewer pipe between high and low water mark along the respondent's bulkhead at Greenpoint, although somewhat guarded by spiles running across its mouth, was sufficient to flood any loaded canal boat that moored close alongside of it unawares. The captain of the Cayuga had never been there before; he arrived at high water, when the sewer was covered, and was not visible. He reported his arrival with coal at the respondent's office a few rods distant, and received no notice of the need of breasting off from the concealed sewer. While waiting for the arrival of bills of lading and the necessary preparations for a discharge, the captain, having moored his boat in

[1]Reported by E. G. Benedict, Esq., of the New York bar.

the usual manner, went to sleep in the cabin, and was roused only a few minutes before the boat sank.

For the defense it is claimed that the boat lay somewhat away from the bulkhead, and did not take in water from the sewer; that she came alongside loaded in an unseaworthy manner, and that she must have sunk from her own leaky condition, or the very unequal loading by the stern, after the previous removal of about 33 tons of coal at Hunter's point. On this branch of the case I am disposed to accept the captain's testimony, as the more credible and probable. The respondent must, therefore, be held to answer for the damage. The canal boat went to the wharf in the usual course of business to deliver coal, in pursuance of the arrangements for its delivery there made between the respondent and the shippers. The libelant's captain, on coming there for the first time, was entitled to notice of the concealed danger either specifically, or by some general notice to the public, giving reasonable caution against the concealed danger. Heissenbuttel v. Mayor, 30 Fed. Rep. 456; Smith v. Havemeyer, 36 Fed. Rep. 927, affirming 32 Fed. Rep. 844. There was no negligence on his part in mooring at the bulkhead in the usual way or in going to his cabin; and he had no knowledge of the sinking condition of his boat until too late to prevent it.

Decree for the libelant, with an order of reference to compute the damages.