JACOBSEN et al. v. DALLES, P. & A. NAV. CO.

(District Court, D. Oregon. May 6, 1899.)

No. 4,432.

1. PARTIES IN ADMIRALTY—JOINDER OF LIBELANTS IN ACTION FOR COLLISION.
    Under the rule in admiralty that all parties may join as libelants where their rights of recovery rest on a common cause of action, whether the suit is in personam or in rem, though, as between themselves, their interests may be separate, persons suffering separate injuries from a collision may join in a libel to recover damages therefor from the owner of the vessel in fault.

2. PLEADING IN ADMIRALTY—SUFFICIENCY OF LIBEL FOR COLLISION.
    A libel to recover for personal injuries received in a collision must set out the facts which constitute the negligence, and also the injuries complained of.

3. DAMAGES—ACTION FOR COLLISION.
    Expense incurred by a libelant in replacing certain papers lost by him in a collision is not recoverable as an element of damages, being too remote.

In Admiralty. On exceptions to libel.

T. J. Geisler and Geo. W. Hazen, for libelants.

F. P. Mays, for defendant.

BELLINGER, District Judge. This is a libel in personam for damages resulting from a collision on the Columbia river, between the river steamer Sarah Dixon, navigated under a lease by the defendant company, and a small sailing vessel owned by the libelant Jacobsen. Jacobsen sues in his own behalf for the loss of the vessel and other property and for personal injuries. Dresser and Forde are joined in the libel,—Dresser as the administrator of the estate of Hansen, who was on board the sailing vessel, and who was drowned as a result of the accident; and Forde, who was also on board the sailing vessel, and who claims to have sustained personal injuries, and damages in the loss of certain personal property. Defendant excepts to the libel on various grounds,—among them that there is a misjoinder of distinct causes of suits; that there are different causes of action, not separately stated in the complaint; that the negligence complained of is not specially stated, and that there is no allegation tending to show in what the negligence complained of consisted; that the libel is defective in failing to specify the injuries from which the damages have resulted; and that the libelant Forde is not entitled to recover on account of the loss of certain papers which the libel alleges relate to an estate owned by him in England, and which loss has entailed upon him an expenditure of $1,000 in supplying the papers so lost.

The rule as to the question of misjoinder is that all parties in admiralty suits may join as libelants whose interests rest upon a cause of action common to all, though, as between themselves, their interests are separate and distinct, and that this rule applies both in suits in personam and in rem; and the rule has been so far extended as to allow the master of a vessel in collision cases to bring actions in behalf of seamen, shippers, and passengers. Insurance Co. v. Johnson, 1 Blatchf. & H. 9, 1 Fed. Cas. 665; Ben. Adm. § 384. In this case, the cause of action being common to all the parties, it is sufficient; it is not material that the interests of the parties are distinct. The exceptions are overruled as to the third and fourth grounds of exception above stated, and they are sustained as to the allegation of negligence, as well as that of damages, set forth in articles 5, 6, and 10. It is not enough to allege generally that the defendants were guilty of negligence, but the facts showing the negligence must be alleged. A general charge of negligence does not state any fact, but a mere conclusion, and leaves the defendants in the dark as to the character of the charge they are required to meet. So, too, of the general allegation of physical injury. This is not sufficient. The libelants must specify their injuries; the ultimate facts showing the injury must be alleged. The allegation of damages to Forde resulting from the loss of the papers in question is not sufficiently definite and certain to be made the basis of a decree; and, furthermore, these damages are not the natural and probable consequence of the act complained of, and for this reason there can be no recovery for such damage.