JOLIVET v. CITY OF SEATTLE.

(District Court, W. D. Washington, N. D.   September 17, 1915.)

No. 3075.

1. ADMIRALTY ⬤19—JURISDICTION—SUIT AGAINST CITY—NEGLIGENT DISCHARGE OF HARBOR DUTIES.

Where a municipality has control of the waters and of the buoys of a harbor, and maintains supervision of the anchorage grounds, and issues permits for harbor privileges, and makes a charge therefor, it is liable for damages caused by negligence in the performance of the assumed duties, and a suit for the recovery of such damages is within the admiralty jurisdiction.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 233, 234; Dec. Dig. ⬤19.]

2. ADMIRALTY ⬤60—PLEADING—SUFFICIENCY OF LIBEL.

The general rules of pleading apply to admiralty suits, and a libel alleging with reasonable certainty the essential facts showing a legal duty, a default therein, and a resultant injury, of which it is the proximate cause, is sufficient.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 482–496; Dec. Dig. ⬤60.]

3. ADMIRALTY ⬤60—LIBEL—SUFFICIENCY—NEGLIGENCE OF PORT WARDEN.

The libel in a suit against a city, which alleges that respondent had control of the harbor, and had prescribed rules and regulations for its use, and had delegated certain powers and duties to the port warden, who, acting within such powers, had permitted libelant's barge, loaded with coal, to be moored at a certain buoy, but had afterward, without libelant's knowledge, removed the barge to another buoy, alongside a barge which he knew contained dynamite, by the explosion of which libelant's barge was capsized, and the cargo lost, held, as against exceptions, to state a cause of action.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 482–496; Dec. Dig. ⬤60.]

In Admiralty. Suit by Charles Jolivet, trading as the French-American Shipping Company, against the City of Seattle. On exceptions to libel. Exceptions overruled.

James Kiefer, of Seattle, Wash., for libelant.

James E. Bradford, Corp. Counsel, and Howard M. Findley, Asst. Corp. Counsel, both of Seattle, Wash., for respondent.

NETERER, District Judge. Libelant seeks to recover the value of 250 tons of coal alleged to have been lost by the explosion of a scow of dynamite, through the negligence of the defendant city, through its agent. the port warden, in removing, without the consent or knowl-

edge of libelant, the scow containing the coal from buoy No. 2 of the Puget Sound Harbor at Seattle, where it was moored with the port warden's permission, to buoy No. 5 in said harbor, in close proximity to a barge containing about 15 tons of highly explosive dynamite. Libelant pleads Ordinance No. 34,379 of the city of Seattle, entitled:

"An ordinance establishing rules and regulations for the government and control of the navigable waters under the jurisdiction and control of the city of Seattle, establishing and prescribing the powers and duties of the port warden and other officials and employés of the city relating thereto, providing penalties for violation of the provisions hereof. * * *"

And he quotes from sections 337, 43, and 39 of said ordinance, as follows:

"Sec. 337. No master, or other person in charge of any vessel or obstruction, shall attach the same to any city buoy until he shall have obtained permission so to do from the port warden: Provided, that during the night or in bad weather such vessel or obstruction may be attached to any vacant city buoy, but the master, owner or person in charge thereof shall notify the port warden not later than eight (8) o'clock a. m. of the next legal day of such act, stating the name and character of such vessel or obstruction and the probable length of time it is desired to remain at said buoy. Should more than one vessel or obstruction apply for the use of any particular buoy, the port warden shall be the sole judge as to which shall occupy the same, and his decision shall be final and conclusive."

"Sec. 43. The master, owner, or other person in charge of any vessel made fast to any pier, or other structure owned by or under the authority and control of the city of Seattle, and any vessel lying at anchor in Seattle harbor, or any vessel lying at any pier, obstructing any slip, fairway, or other vessel, shall, when requested by the port warden to change position, immediately proceed as requested or directed. Any failure, neglect or refusal to comply with such request or order shall make it the duty of the port warden to move such vessel, or cause the same to be moved, and the expense of such removal shall be paid by the master, owner, or other person in charge thereof, or by said vessel."

"Sec. 39. The Harrison Street municipal pier is hereby designated for use temporarily as a powder dock, and for use exclusively for the handling of powder, dynamite and other like explosives, and as a place for vessels carrying as cargo, or part cargo, such explosives. Any vessel shall be allowed to lie at said pier only after a written permit shall have been issued by the port warden."

Respondent has excepted to the libel upon the grounds:

"(1) That it appears from the libel that the cause of action therein set forth is not an admiralty and maritime cause of action and is not within the jurisdiction of this honorable court.

"(2) That the allegations contained in the libel are not sufficient in law to constitute a cause of action against the respondent, the city of Seattle.

"(3) That the allegations of negligence set forth in said libel are insufficient and not specific.

"(4) That the libel does not allege or specify what acts or neglect of the respondent, the city of Seattle, the libelant relies upon as constituting the cause of action."

[1] I do not think that it can be seriously contended that the issue sought to be tendered is not one of admiralty cognizance. The provisions of Ordinance 34,379 clearly extend the jurisdiction of the city over the navigable waters upon which it is alleged the act complained of transpired, and if such be the fact, then maritime jurisdiction obtains. Smith v. Havemeyer (C. C.) 36 Fed. 927; Manhattan Transp

Co. v. Mayor, etc., of N. Y. (D. C.) 37 Fed. 160; Chicago v. Mullen, 116 Fed. 292, 54 C. C. A. 94; Roney v. New York S. & W. Ry. Co. (D. C.) 132 Fed. 321; O'Rourke v. N. Y. D. & C. Co. (D. C.) 55 Fed. 81. Where the municipality has control of the waters and of the buoys, and maintains supervision of the anchorage grounds, and issues permits for harbor privileges, and makes a charge therefor, it is liable for damage caused by negligence in the discharge of the assumed duties. Philadelphia Rd. Co. v. Mayor of N. Y. (D. C.) 38 Fed. 159. The cases cited in support of the exceptions I do not think are of assistance. United States v. Transp. Co., 184 U. S. 247, 22 Sup. Ct. 350, 46 L. Ed. 520, Compagnie de Nav. Francaise v. Burley (D. C.) 183 Fed. 166, and The Margaret J. Sanford (D. C.) 203 Fed. 331, merely decide that local laws and harbor regulations are enforceable in admiralty as well as local courts. Exception 1 is therefore without merit.

[2] The other grounds of the exceptions can be disposed of together. The statement in the libel sets forth with sufficient particularity facts to advise respondent of the nature of the charge, and I think is sufficiently definite. The general rules of pleading apply to admiralty proceedings, and reasonable certainty in a statement of the essential facts is required, so that the defendant may be advised of what he must prepare to meet, and a pleading showing a legal duty, and default therein, and resultant injury, as the proximate cause thereof, is sufficient. 29 Cyc. 565.

[3] The only question open, then, is: Does the libel state a cause of action? Since the decision of the Supreme Court in Workmen v. New York City, 179 U. S. 555, 21 Sup. Ct. 212, 45 L. Ed. 314, the question of the liability of a city for negligence, whether the city was acting in its proprietary or governmental capacity, has become stare decisis in the federal courts. It is alleged that the respondent city had control of the harbor, and had prescribed rules and regulations for its use, and had delegated to the port warden certain powers and duties, who, within such powers, for a consideration, permitted the barge containing the coal to be moored at buoy No. 2; that it remained there from May 4th to May 28th or 29th, upon which last-named date the port warden, without notice to or knowledge of libelant, removed the barge to buoy No. 5, in close proximity of the barge which contained the explosives, the location and character of which was known to the port warden, he having caused it to be moored at buoy No. 5; and that on May 30th the dynamite exploded from some unknown cause, which capsized and upset libelant's scow, dumping the coal into the harbor, to his loss in the sum of $950.

The allegations of the libel, as against the exceptions, must be taken as true, and, so taken, state a cause of action. The rule of respondeat superior applies to municipal corporations, the same as individuals or private corporations. Workmen v. City of N. Y., supra. The cases cited against the rule (Major Reybold [D. C.] 111 Fed. 414, O'Keefe et al. v. Staples Coal Co. [D. C.] 201 Fed. 131, and The Thielbek [D. C.] 211 Fed. 685) are, I think, more strongly in favor of the rule. Faust v. Cleveland, 121 Fed. 810, 58 C. C. A. 194, has no application,

since in that case it was sought to hold the city responsible for the obstruction in a river over which it had no control. In The Ingrid (D. C.) 195 Fed. 596, the explosive was in transportation, and not in storage, and there was no violation of any fixed rule or law; and in Zywicki v. Foard Co. (D. C.) 206 Fed. 975, the court simply held the city of Baltimore not liable for an injury to a stevedore occasioned through the negligence of a foreman in storing a cargo of dynamite, because of the failure of the city to make regulations for loading of explosives; it having been given authority to make regulations by the state Legislature.

In the instant case, the city, by the act of the port warden, had become a bailee for hire, and removed the coal from a safe place to a place in close proximity of a barge loaded with explosives, without notice to or knowledge or consent of the libelant, and is therefore readily distinguished from the cases relied upon. The principle of respondent's liability under the facts stated, I think, is based on sound reason and supported by precedent. Workmen v. City, supra. Smith v. Havemeyer, supra; Manhattan Transp. Co. v. New York, supra; Philadelphia Rd. Co. v. Mayor, supra; Roney v. New York et al., supra; O'Rourke v. New York et al., supra; Barber v. Lockwood (D. C.) 134 Fed. 985, at page 987, in which the court said:

"The proprietor of a dock has no right to invite a boat to use that berth for business purposes, when the situation is such that no work can be done there without exposing the boat to great danger from an existing defect, which could have been discovered and removed by the exercise of a fair degree of prudence. To permit so dangerous an object as the sunken spile to remain where any person has attempted to locate it constitutes a breach of duty and act of negligence for which the defendants must respond."

How much more forceful would be the suggestion that the port warden would have no right to remove a scow loaded with merchandise from a safe place to a place in close proximity of a scow loaded with explosives, exposing it to a dangerous destructive agency, which caused its destruction, he having knowledge of such agency.

The exceptions are denied.