## GRAYS HARBOR STEVEDORING CO. v. UNITED STATES (two cases).

(District Court, W. D. Washington, S. D.   February 17, 1923.)

Nos. 3842, 3843.

1. **United States ⬅140—Allegations held equivalent to allegation that vessel owned by United States was employed as merchant vessel.**

    In libel against the United States, allegation that a vessel was a merchant vessel owned by the United States, with its home port at Baltimore, was equivalent to an averment that it was at the time mentioned employed as a merchant vessel, within Act March 9, 1920, § 2, authorizing libels against the United States.

2. **United States ⬅140—Libel as in rem against United States not maintainable without allegation that vessel was in district.**

    A libel against the United States as the owner of a merchant vessel under Act March 9, 1920, § 2, cannot proceed in accordance with the principles of libels in rem, in the absence of any allegation that at the time of the institution of the suit the vessel was within the district.

3. **United States ⬅140—Allegation that services were rendered at request of owners held sufficient allegation of rendition at request of United States.**

    A libel against the United States, as owner of a merchant vessel, averring that services were rendered the vessel at the request of her "owners, officers, and agents," when liberally construed, alleged that the United States requested the performance of the services, notwithstanding the present custom to speak of the United States in the singular rather than the plural.

4. **United States ⬅140—Libel subject to exception for failure to name agent of United States ordering services.**

    A libel against the United States as owner of a merchant vessel, alleging that services and other items were furnished at the request of the owners, officers, and agents, was subject to exception for failure to aver what agent of the United States ordered or requested the services.

In Admiralty.   Two libels by the Grays Harbor Stevedoring Company against the United States.   On exceptions to the libels.   Exceptions sustained.

Theodore Bruener, of Aberdeen, Wash., for libelant.

Thos. P. Revelle, U. S. Atty., of Seattle, Wash., W. W. Mount, Asst. U. S. Atty., of Tacoma, Wash., MacCormac Snow, District Counsel United States Shipping Board, and Charles Allen, Asst. District Counsel United States Shipping Board, both of Portland, Or.

CUSHMAN, District Judge.   [1] These cases are now before the court upon exceptions to the libel.   In each case libelant avers that it is a corporation of the state of Washington, with its principal place of business at Aberdeen, in this district and division.   In one case it is averred that the Cape Romain, and in the other that the West Haven, is, and was at the times mentioned in the libel, a merchant vessel owned by the respondent, United States of America, with its home port at Baltimore, Md.   This the court considers equivalent to an averment that each vessel was at the time mentioned "employed as a merchant vessel."   Section 2, Act of March 9, 1920, 41 Stats. at L., 526.

It is averred that stevedoring services were rendered each vessel

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

in the waters of Grays Harbor, state of Washington, and suit is also brought on account of other minor items of a different character. It is further averred that the advances and services were necessary and rendered on the credit of the respective vessels, and that, had the steamships been privately owned instead of being owned by the United States of America, a libel in rem might have been maintained therefor; and that libelant elects to have this suit proceed in accordance with the principles of libels in rem as provided by the Act of March 9, 1920.

[2] There is no allegation in either libel that, at the time of the institution of the suit, the vessel in question was within this district.

The exceptions to each libel to the suit proceeding in accordance with the principles of a libel in rem are sustained. Blamberg Bros. v. U. S. (decided January 22, 1923) 43 Sup. Ct. 179, 67 L. Ed. —; Blamberg v. U. S. (D. C.) 272 Fed. 978; The Cunard S. S. Co. (Ltd.) v. U. S. as owner of The Isonomia (2d C. C. A., decision by Judge Rogers) 285 Fed. 516; Puget Sound Stevedoring Co. v. U. S., and North Coast Stevedoring Co. v. U. S. (decision by Judge Neterer, Jan. 27, 1923) 287 Fed. 751.

Section 3 of the Act of March 9, 1920, in connection with the provision for proceeding in accordance with the principles of a libel in rem, provides:

"* * * Election so to proceed shall not preclude the libelant in any proper case from seeking relief in personam in the same suit."

[3] Each of the libels herein mentioned avers that the services rendered to the ship were rendered "at the request of her owners, officers and agents." It is customary to speak of the United States of America in the singular, rather than the plural. More particularly has this been true during the last 60 years. Yet, liberally construing the language of the libel, it is held that the pleader intended to, and does, allege that the United States of America, the owner, requested the performance of the services and other items for which suit is brought. The suit therefore may proceed as purely one in personam.

[4] One of the grounds of exception is that the libel fails to state on whose orders the alleged necessary services, etc., were furnished. The exceptions on this ground are also sustained, but libelant may amend its libel to aver what agent of the United States ordered or requested such services.

Exceptions sustained.