### BENTLEY v. UNITED STATES.

District Court, D. Massachusetts. December 31, 1929.

No. 234.

Blodgett, Jones, Burnham & Bingham, of Boston, Mass., for plaintiff.

Frederick H. Tarr, U. S. Atty., and A. Chesley York, Asst. U. S. Atty., both of Boston, Mass.

MORTON, District Judge. This case presents a point of practice in admiralty of some importance. The libelant excepts to the answer upon the ground that, while admitting the collision took place, it does not contain a full account of the manner in which it occurred according to the defendant's contention.

The answer, after categorically admitting or denying the various clauses in the libel, contains a general statement from which it appears that there was collision between the two vessels as charged in the libel; and it then gives a very sketchy and incomplete account of how the collision happened. The libelant contends that he is entitled to a statement on this point in the defendant's pleading corresponding in fullness and in detail to that required in the libel. The respondent on the other hand contends that no such statement need be included in the answer in a collision case, and that a bare denial of the facts charged would as a matter of law be sufficient.

This precise question arose in The Why Not, L. R. 2 Adm. & Ecc. 265. In that case an answer in a collision case, which was considerably fuller and more detailed than the one before me, was excepted to upon the same ground as here; and the answer was supported by the same arguments as have been addressed to me. It was held that the answer was insufficient; and the court directed "a fuller statement to be made as to what the Why Not did between the time of sighting the Margaret and the collision." The practice in this court has been in accord with this decision. Rule 26 of the Rules in Admiralty of the Supreme Court directs that "all answers shall be full and explicit and distinct to each separate article and separate allegation in the libel," etc. Rule 22 governing libels requires that the libel shall "propound and allege in distinct articles the various allegations of fact upon which the libelant relies in support of his suit," etc. This has been construed as requiring "a plain statement of the movements of the two vessels as they approached each other, their courses, and the mode in which they were sailed or handled, and the circumstances of wind and tide, where these have any bearing on the case, as they generally have, and also a distinct statement of the acts of neg-

ligence or faults of navigation which are claimed to have caused or contributed to the disaster, and such a statement of the circumstances of the collision that the connection between the alleged faults and the collision, as cause and effect, can be plainly understood." Choate, D. J.,–McWilliams v. The Vim (D. C.) 2 F. 874 at page 875. See, too, Jacobsen v. Dalles Co. (D. C.) 93 F. 975. The answer should, mutatis mutandis, be as explicit as the libel. In the Claus Thomesen, referred to in the opinion in the Why Not, supra, Dr. Lushington, in dealing with a similar objection to an answer, said: "Every pleading, whether the petition or the answer, ought to be so framed as that if the evidence was taken before an examiner, the pleadings alone would enable him to elicit all the facts of the case." L. R. 2 Adm. & Ecc. at 267. The rule as stated by Judge Choate is the one which has generally been followed in this district, both as to libels and answers.

Exceptions sustained.