**SMITH, KIRKPATRICK & CO. v. COLOMBIAN S. S. CO., Inc., et al.**

**No. 8087.**

Circuit Court of Appeals, Fifth Circuit.

March 4, 1937.

Chalmers G. Graham, of San Francisco, Cal., and Wm. A. Van Siclen, of Ancon, Canal Zone, for appellant.

Geo. H. Terriberry and Benjamin W. Yancey, both of New Orleans, La., and John O. Collins, of Ancon, Canal Zone, for appellees.

Before FOSTER and SIBLEY, Circuit Judges, and HOLLAND, District Judge.

FOSTER, Circuit Judge.

This is an appeal from a decree sustaining exceptions to a libel in admiralty and dismissing the suit.

The suit was brought by Smith, Kirkpatrick & Co., hereafter referred to as libelant in rem, against the steamship Haiti and in personam against her owner, Colombian Steamship Company, Inc., hereafter referred to as respondent. In substance, the material allegations of the libel are these:

On April 26, 1934, 250 bags of clean coffee were shipped from Puerto Colombia, Colombia, on the steamship Haiti, destined to San Francisco, Cal. A through

bill of lading covering the entire voyage was issued by respondent, by which the coffee was consigned "to the order of the First National Bank of Boston, notify Smith, Kirkpatrick & Co., New York." The bill of lading contained provisions allowing transhipment at Cristobal, C. Z. Stamped on the bill of lading, as part of the contract, was the clause: "Forwarding beyond Cristobal in connection with the United Fruit Co." Contrary to the agreement the coffee was transhipped at Cristobal on the steamship Absaroka, owned and operated by McCormick Steamship Company, and not on board one of the steamers of the United Fruit Company or in connection therewith, and this was an improper deviation of the voyage, contrary to the agreement between the parties. Libelant became the owner of the coffee before it reached San Francisco. It was not there delivered in the same good condition as received by the Haiti and as delivered to the Absaroka, but was delivered at San Francisco in a damaged and improper condition, causing loss and damage to libelant in the sum of approximately $2,000, no part of which sum has been paid to libelant by respondent.

Respondent excepted to the libel on the following grounds: That a copy of the bill of lading was not attached to the libel; that the libel did not allege a contractual relation between libelant and respondent; that it contained no allegation whereby respondent could measure the alleged damages or determine the nature of the damage; that the alleged transfer of the cargo at Cristobal under the contract found in the bill of lading was not a deviation in the legal sense of that term; that claim was not made in writing within ten days after delivery of the coffee and action was not begun until six months after the delivery of the goods, both as required by the contract found in the bill of lading.

A photostatic copy of the bill of lading has been sent up in the original, by order of the District Court. It does not appear from the record by whom it was introduced, but we must assume that it was before the court when the exceptions were passed upon. We are not favored by an opinion of the District Court nor does the record contain findings of facts and conclusions of law as required by Admiralty Rule 46½ (28 U.S.C.A. following section 723). However, we gather from the briefs and argument of counsel that the exceptions were sustained solely on the ground that the transhipment at Cristobal was not a deviation.

◼ As used in admiralty, primarily, the term "deviation" means an unjustified turning aside of the vessel from her customary or agreed route. But it also has come to mean any departure from the terms of the contract of carriage, in the course of the voyage, from which loss or damage to cargo results. In other words, a "deviation" from the agreement. This is well illustrated by the case of St. Johns N. F. Shipping Corp. v. S. A. Companhia Geral Com. do Rio de Janeiro, 263 U.S. 119, 44 S.Ct. 30, 68 L.Ed. 201, in which the storing of cargo on deck, which was jettisoned, when it should have been stored in the hold, where it would have been safe, was expressly called a deviation. See also Carver on Carriage of Goods by Sea (6th Ed.) §§ 287, 288.

◼ Libelant concedes that the clauses in the bill of lading regarding transhipment did not require the initial carrier to tranship from Cristobal by any particular vessel, but contends that the clause stamped on the bill of lading "Forwarding beyond Cristobal in connection with the United Fruit Co." limits and controls the other transhipment provisions of the bill of lading. Respondent, somewhat metaphysically, seeks to draw a distinction between the words "transhipment" and "forwarding" and disputes that any material change was made as to the general provisions in the bill of lading in respect of transhipment.

While much argument is indulged in by both parties and numerous authorities are cited, we will not stop to review either the arguments or citations. Admiralty contracts are usually ambiguous in some respects and in construing them the courts must endeavor to determine the true intention of the parties. As applied to this case, transhipment and forwarding are interchangeable terms. We see nothing inconsistent in the clauses and they must be construed together. The words stamped are prominently displayed in large letters. The clause cannot be considered a mere meaningless gesture. Prima facie, the stamp supports the conclusion that the agreement contemplated forwarding by or through the United Fruit Company. Therefore, transhipment or forwarding by another carrier might be a deviation. If the stamp is not evidence of the true intention of the parties or circumstances

excused compliance, these questions could not be decided on the pleadings. We express no opinion as to what the ultimate decision on this point should be. Furthermore, it may be assumed that the connecting carrier was the agent of respondent. If respondent be considered a mere forwarding agent it would still be liable for its own negligence, regardless of deviation. Reid v. Fargo, 241 U.S. 544, 36 S. Ct. 712, 60 L.Ed. 1156.

Admiralty pleadings are not subject to the strict rules applying to pleadings at common law. There are no technical rules of variance and if a libelant alleges substantive facts upon which he relies, and prays generally for appropriate relief, the court may award any relief which the law applicable to the case merits. The Gazelle, 128 U.S. 474, 9 S.Ct. 139, 32 L.Ed. 496. Tested by these liberal rules, the libel states a cause of action requiring an answer and a trial on the merits.

On appeal in admiralty the trial is de novo. In view of another trial in the District Court we may pass upon the other exceptions although they are not pressed. In addition to the clauses barring suit unless claim is made in writing within 10 days after delivery and action is begun within six months thereafter, the bill of lading contains other clauses limiting recovery to damages incurred while the goods were in custody of the initial carrier. The general rule is that exceptions in a contract of carriage limiting liability are to be strictly construed against the carrier and are not sustained unless they are reasonable and just and not in violation of public policy. Baltimore & Ohio S. W. R. Co. v. Voigt, 176 U.S. 498, 20 S. Ct. 385, 44 L.Ed. 560. Whether they are to be sustained necessarily depends upon the facts in each particular case. In drawing the libel it was not necessary to negative every possible exception that might be pleaded by respondent. They constitute matters of defense to be urged by respondent.

Libelant was not required to plead its evidence but respondent was entitled to a better statement as to the damages claimed. The libel should allege, so far as is within the knowledge of libelant, how and when the damage to the coffee occurred, wth sufficient detail as to the damage to permit respondent to meet the proof offered to sustain the claim. Libelant should be permitted to amend in this respect. Admiralty Rule 23 (28 U.S.C.A. following section 723).

The judgment appealed from is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.