## LACKRITZ et al. v. PETERSEN.

District Court, S. D. New York,
Jan. 9, 1940.

Bigham, Englar, Jones & Houston, of New York City (John L. Quinlan, of New York City, of counsel), for libellants.

Mahar & Mason, of New York City, for respondent.

HULBERT, District Judge.

Respondent moves for an order sustaining exceptions to the libel and invokes the 22nd Rule in Admiralty following 28 U.S. C.A. § 723.

It is the settled law that the owner of a shipyard who takes a vessel into his custody and control is a bailee. International Mercantile Marine S. S. Co. v. W. & A. Fletcher Co., 2 Cir., 296 F. 855; Pan-American Petroleum Transportation Co. v. Robins Dry Dock & Repair Co., 2 Cir., 281 F. 97; United States v. Newport News Shipbuilding & Dry Dock Co., D.C., 21 F.2d 112, reversed on other grounds, 4 Cir., 34 F.2d 100. Although the ultimate liability of the bailee must depend upon the establishment of negligence, Tomkins Cove Stone Co. v. Bleakley Transportation Co., 3 Cir., 40 F.2d 249, his failure to redeliver the vessel raises a presumption of negligence. Alpine Forwarding Co. v. Pennsylvania R. Co., 2 Cir., 60 F.2d 734.

Motion denied.