THE H. C. JEFFERSON.

UNION OIL CO. OF CALIFORNIA v. THE "H. C. JEFFERSON" et al.

No. 117.

District Court, E. D. Pennsylvania.

May 9, 1941.

Krusen, Evans & Shaw, of Philadelphia, Pa., for libellant.

Howard M. Long, of Philadelphia, Pa., and L. Vernon Miller and Marbury, Gosnell & Williams, all of Baltimore, Md., for respondents.

BARD, District Judge.

This case comes before the court at this time on respondents' exceptions to the libel.

Libellant brought suit to recover for damages suffered by its ship Deroche in a collision with the Pennsylvania Sun, which collision was allegedly caused by the negligence of those in charge of the H. C. Jefferson, a tugboat engaged in docking the Deroche at the time. Libellant paid the owners of the Pennsylvania Sun for the damages to that ship and therefore claims

614

reimbursement from the respondents as well as relief for damages to the Deroche.

Respondents have filed thirteen exceptions to the libel. Disposition of the sixth exception, which questions the right of the libellant to reimbursement for money paid to the owners of the Pennsylvania Sun, was waived by respondents at the argument with the reservation that the point concerned could be raised again in the event of trial. The remaining exceptions enumerate respects in which the libel is alleged to be lacking in sufficiency, fullness and distinctness.

Admiralty Rule 22, 28 U.S.C.A. following section 723, provides that " * * * The libel shall * * * propound and allege in distinct articles the various allegations of fact upon which the libellant relies in support of his suit, so that the respondent or claimant may be enabled to answer distinctly and separately the several matters contained in each article; * * *."

■ In admiralty the parties are not held to a great nicety in pleading. W. S. Keyser & Co. v. Jurvelius, 5 Cir., 122 F. 218; Smith, Kirkpatrick & Co. v. Colombian S. S. Co., 5 Cir., 88 F.2d 392. A libel alleging with reasonable certainty the essential facts showing a legal duty and the default therein, and a resultant injury, of which it is the proximate cause, is sufficient. Jolivet v. City of Seattle, D.C., 226 F. 963. See in this regard, however, Bentley v. United States, D.C., 36 F.2d 1002.

The instant libel sets forth briefly the occurrence in question, but does not go into sufficient detail in some respects to enable distinct and separate answers to the several matters contained therein.

In their argument in support of the exceptions the respondents group them in seven classes. I will consider them as thus grouped.

■ The libel states: " * * * there was insufficient water for the proper maneuvering of a vessel of that draft," and that "Said docking pilot, Earl Eggers, attempted to dock said steamship when he knew or should have known that there was insufficient water." Respondents argue the libel is insufficient because it is not alleged how or why the depth of water had anything to do with the collision. There is no vagueness or uncertainty in this regard. Its substance is that the ship could not be handled properly in the existing depth of water. It follows that the mere depth of

water is regarded as one cause of the loss of control. There is no necessity for greater detail in the libel.

■ The respondents also argue that the libel is insufficient by reason of its failure to set forth the position of the Deroche when the tug approached, the maneuvers of the tug, the use, if any, of the Deroche's engines, and the particular improprieties of the tugboat captain in his maneuvering. I agree that the position of the Deroche at the outset should have been alleged with more particularity in order that the subsequent movements be more clearly defined. Similarly, a general statement of the manner in which the tugboat captain endeavored to maneuver the Deroche is essential if the issues are to be raised properly and limited. Greater certainty in this regard will facilitate proper pleading.

■ The libel does not set forth specifically at whose order the Curtis Towing Company originally sent but one tugboat to do the work. It is objected that there is uncertainty in this regard. Slight amendment to clarify this should be made.

■ The libel also alleges that, after the collision, another tug was dispatched to assist in the operation. The respondent contends that the identity of the party ordering the additional tug is material. Whether it properly can be inferred, from the fact that this additional tug was ordered, that two tugs were necessary originally need not be decided now. In any event the material considerations in this regard are whether two tugs were finally used and whether they were necessary. I deem the identity of the party ordering the additional tug immaterial.

■ The libel alleges that the H. C. Jefferson was unseaworthy and incapable of performing the job which she undertook. The particulars of unseaworthiness are not included, as respondents urge they should be. To be susceptible to distinct answer, the libel need allege no particulars in this regard. The allegation of unseaworthiness is incorporated in the allegation of incapacity to perform the job undertaken. This latter allegation can be distinctly and separately answered and requires no elaboration. The answer need only be that the H. C. Jefferson was or was not capable of the job.

■ Finally, the respondents urge that the allegation relative to the use of lines to hold the Deroche in position after the col-

lision is insufficient in detail. The libel alleges that "lines were run from the stern of the Deroche to the end of the dock." The dock in question can be assumed to be that adjacent to the specified berth. This allegation is susceptible to answer.

Though the libel is imperfect or insufficient in the noted respects, it is not so insufficient as to require dismissal. Under Admiralty Rule 27 the court may order further pleadings where the original libel is deemed lacking in sufficiency, fullness or distinctness. I am decided that the libel should be amended within ten days to conform to the conclusions herein.

So ordered.