## GREAT LAKES TRANSIT CORPORATION v. GREAT LAKES TOWING CO.
### No. 2132.

District Court, W. D. New York.

Dec. 16, 1941.

Sanders, Hamilton, Dobmeier, Connelly & McMahon, of Buffalo, N. Y., for libellant.

McKeehan, Merrick, Arter & Stewart and George William Cottrell, all of Cleveland, Ohio, for respondent.

KNIGHT, District Judge.

The respondent excepts to the "sufficiency, fullness and distinctness of Article VI of the libel herein, which alleges: '* * * the officers of the Conners did everything within their power to avoid the ensuing collision and damage * * *.'" This motion is made under general Admiralty Rule No. 22, 28 U.S.C.A. following section 723, which provides, among other things, that "The libel shall also propound and allege in distinct articles the various allegations of fact upon which the libellant relies * * *, so that the respondent * * * may be enabled to answer distinctly and separately the several matters contained in each article." It is respondent's contention that Article VI does not state all the facts upon which the libellant must rely in order to recover; that it states what was done on the part of the respondent and states nothing that enables the respondent to determine what was done on the part of the libellant. The libellant contends both that the allegations of the libel are sufficient and also that the respondent's remedy is through a resort to interrogatories.

By the Federal Rules of Civil Procedure "exceptions" are stated to be unnecessary. However, the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, do not apply to proceedings in admiralty, Rule 81 (a), and further Rule 46, Id., does not purport to abolish exceptions. The libellant points

attention to the language in Benedict, 5th Ed. Vol. 1, p. 409, in support of its position. General Admiralty Rule 27 provides that: "Either party may except to the sufficiency, fullness, distinctness, relevancy or competency of any of the pleadings or interrogatories filed by the other party; * * *." Referring to this rule, Benedict, 6th Ed. Vol. 2, p. 461, states: "If any pleading or proceeding be irregular, insufficient or objectionable, the proper mode of bringing the objection before the court is by exceptions * * *." This author calls attention to the fact that General Admiralty Rule 31, which relates to interrogatories, is identical with Rule 33 of the Federal Rules of Civil Procedure and also that under Rule 46 of the latter rules exceptions are declared to be "unnecessary" and the procedure of objection substituted. He points out that there is not necessarily any conflict, since said Rule 46 does not prohibit the practice of taking exceptions. However, it seems sufficient to point attention to Rule 81(a) of the Federal Rules of Civil Procedure and Rule 46, Id., to sustain the right to interpose exceptions. At least respondent had this alternative right. Further, the libellant is required to state what was done by the officers of the Conners to avoid the collision. This view finds support in many authorities. Vide Bentley v. United States, D. C., 36 F.2d 1002; The H. C. Jefferson, D.C., 38 F.Supp. 612; Dodge v. The John Stuart, Fed.Cases No. 3,952a. The libellant points attention to the language in Benedict Vol. 1, p. 336, 5th Ed., that "The performance of a condition precedent is sufficiently pleaded by a general averment that 'the libelant has at all times performed all that was required of him under the contract in suit,' or that 'all conditions precedent have been performed or have occurred,' in the language of Civil Rule 9(c)." The suit here is in tort and not in contract. Hence allegations of performance of conditions precedent are immaterial. Benedict, 6th Ed., Vol. 2, p. 97, states that: "It (the libel) must allege, in distinct articles, the various facts upon which the libellant relies to support his suit, so that the respondent or claimant can answer, distinctly and separately, the several matters alleged, article by article." Further, the same author states, page 99: "It is not enough to charge negligence and injury in general terms; the facts showing the negligence and the injury must be alleged."

The exception is allowed.