780

## THE GLADYS.

### WARREN L. GRAHAM, Inc., v. MARINE CONST. CO.

No. 1528.

District Court, D. Delaware.

Sept. 8, 1942.

Benjamin N. Brown, of Wilmington, Del., and Conlen, LaBrum & Beechwood, of Philadelphia, Pa., for libellant.

William Poole (of Southerland, Berl & Potter), of Wilmington, Del., for respondent.

LEAHY, District Judge.

The libel was filed by the owners of the Tug "Gladys" to recover for damages sustained by the vessel while it was undergoing repairs in respondent's shipyard. It is alleged that the vessel was hauled on to respondent's marine railway and: "On the afternoon of February 23rd while the said vessel was in the care and custody of the respondent as aforesaid, without negligence or want of care on the part of the libellant, its agents, servants or employees, but solely by reason of the negligent manner in which the aforesaid work was performed by the respondent, a fire broke out inside the vessel adjacent to where the welding operations were in progress. Before the fire could be extinguished, the Tug 'Gladys' sustained serious damage thereby".

Respondent excepts to the libel and moves for its dismissal on the ground that it fails to allege in what respect respondent was negligent. Benedict on Admiralty, 5th Ed., Sec. 266; Admiralty Rule 22, 28 U.S.C.A. following section 723; Jacobsen v. Dallas, P. & A. Navigation Co., D.C., 93 F. 975, certiorari denied 191 U.S. 575, 24 S.Ct. 847, 48 L.Ed. 308; Bentley v. United States, D. C., 36 F.2d 1002; McWilliams v. Steam Tug Vim, D.C., 2 F. 874; The Baker Palmer, D. C., 172 F. 154.

In the ordinary case involving damage to a vessel as a result of collision, or personal injury to a seaman, I think the position presently taken by respondent would be sound. But here respondent became a bailee when the vessel was delivered to it for repairs. Hence, libellant establishes a prima facie case by merely averring delivery of the vessel in good condition and redelivery in a damaged condition.

The precise question in this case was most recently dealt with by the District Court for the Southern District of New York in Lackritz v. Petersen, 31 F.Supp. 415. Judge Hulbert there said: "It is the settled law that the owner of a shipyard who takes a vessel into his custody and control is a bailee. International Mercantile Marine S. S. Co. v. W. & A. Fletcher Co., 2 Cir., 296 F. 855; Pan-American Petroleum Transportation Co. v. Robins Dry Dock & Repair Co., 2 Cir., 281 F. 97; United States v. Newport News Shipbuilding & Dry Dock Co., D.C., 21 F.2d 112, reversed on other grounds, 4 Cir., 34 F.2d 100. Although the ultimate liability of the bailee must de-

pend upon the establishment of negligence, Tomkins Cove Stone Co. v. Bleakley Transportation Co., 3 Cir., 40 F.2d 249, his failure to redeliver the vessel raises a presumption of negligence. Alpine Forwarding Co. v. Pennsylvania R. Co., 2 Cir., 60 F.2d 734."

Respondent's reliance on The Dupont, D. C., 14 F.Supp. 193, is not well taken. That case stands for the proposition that where a vessel is under the control of both libellant and respondent, the libellant must establish by a preponderance of the evidence that the respondent failed to exercise ordinary care in repairing the vessel and that the damage was the proximate result of its negligence. The case is clearly inapposite because the pleadings before me contain no mention of dual control. If, in fact, there was such control, respondent may set it up in its answer and later argue its effect. The exceptions to the libel are overruled, and the motion to dismiss is denied.

Let an order be submitted.