## CLARK TERMINALS OF BOSTON, Inc. v. UNITED STATES (two cases).

### Nos. 1667, 50–42.

United States District Court
D. Massachusetts.

Sept. 26, 1951.

See also, 100 F.Supp. 59.

Bingham, Dana & Gould, Boston, Mass., for petitioner.

Geo. F. Garrity, U. S. Atty., Boston, Mass., for respondent.

FORD, District Judge.

Libellant here excepts to the answers of respondent on the ground that they fail to set forth with distinctness and detail the facts as to the collision involved in these cases so that libellant can ascertain the contentions it will be required to meet at the trial. The libels allege that a vessel owned by respondent, as a result of negligent operation, collided with and damaged a pier in Boston, of which libellant was lessee, and for the repair and maintenance of which it was responsible. Respondent's answers consist of a reply, paragraph by paragraph, to allegations of the libels, either admitting them, simply denying them, or stating that respondent is without knowledge of the facts alleged and therefore denies them. One further paragraph sets forth that at the time of the alleged collision the vessel in question was under bareboat charter from the United States and was not at the time operated, managed or controlled by the United States.

██ An answer simply admitting or denying the allegations of the libel is, in some circumstances at least, a sufficient one and complies with Admiralty Rule 26, 28 U.S.C.A., requiring answers to be "full and explicit and distinct to each separate article and separate allegation in the libel". The Nesco, D.C., 47 F.2d 643; Henning v. United States, 1945 A.M.C. 166. Such an answer appears to be sufficient here. It is true that they do not set forth any statement of what respondent contends were the movements of the vessel or the other facts surrounding the alleged collision. But it appears from the argument at the hearing that respondent's position in the matter is that the vessel was not under its control at the time, that it knows nothing of the facts of the incident, and is content to deny libellant's version of the facts and call upon libellant to prove them. If this is so, then the answers are sufficient statements of its position. It need not set forth facts of which it professes to know nothing. The Mandu and the Denderah, 1930 A.M.C. 1672. The situation here thus differs from that in The Yankee, D.C., 37 F.Supp. 512 in which exceptions to certain paragraphs of the answer denying knowledge or information as to the location of a vessel were sustained where it appeared to the court that respondent must have known something about the matter. In Bentley v. United States, D.C., 36 F.2d 1002, the defect in the answer was that it admitted the collision and purported to give a statement of how it happened which the court found was too sketchy and incomplete to comply with the requirements of Rule 26.

██ Libellant also excepts to the final paragraph of the answers alleging the vessel to be under charter and not operated, managed, or controlled by the United States at the time of the collision, on the ground that the facts are irrelevant, incompetent, and immaterial to the issues to be tried. Libellant brings these actions under the Suits in Admiralty act, 46 U.S.C.A. § 741, et seq., and has elected under § 743 thereof to have its suits proceed in accordance with the principles of libels in rem. But even if we assume that so far as libellant seeks merely such relief as it could obtain by a libel against the vessel itself if it were privately owned, the question of control by the United States at the time of the collision is immaterial, this does not fully dispose of the question. If the actions were purely in personam to enforce liabilities against the United States which would be available in personam against a private owner of the vessel, then the question of whether the vessel at the time in question was managed, operated, or controlled by respondent would be highly relevant. Schnell v. United

States, 2 Cir., 166 F.2d 479; Vitozi v. Balboa Shipping Co., 1 Cir., 163 F.2d 286. Under 46 U.S.C.A. § 743 libellant's election to proceed according to the principles of a libel in rem does not preclude the seeking of relief in personam in the same suit. Grays Harbor Stevedoring Co. v. United States, D.C., 286 F. 444. The final paragraph of the answers is therefore relevant as a defense against a claim 'for relief in personam which it may still be open to libellant to assert. Moreover, this paragraph is properly present in the answers, since it alleges facts which, as pointed out above, explain respondent's contention that it cannot in its answers give a statement as to the facts of the collision.

Exceptions to the answers are overruled.