## THE MINERVA.

### RICKENBACH v. HAINESPORT MINING & TRANSPORTATION CO. et al.

(District Court, E. D. Pennsylvania. June 23, 1920.)

No. 10.

1. Admiralty ⬤�longdash50—Third parties may be impleaded in other than collision cases.

The principle on which admiralty rule 59 (29 Sup. Ct. xlvi), is based, permitting respondent in collision cases to implead a third party on allegations that the collision was due to the fault or negligence of such party, is applicable to and recognized in practice in cases other than for collision.

2. Towage ⬤�longdash11 (5)—Tug liable for stranding of tow.

A tug *held* in fault and liable for loss of its tow by stranding.

In Admiralty. Suit by James Rickenbach against the Hainesport Mining & Transportation Company, with the tug Minerva, impleaded. On trial hearing on proofs. Decree against the Minerva.

Willard M. Harris, of Philadelphia, Pa., for libelant.
Charles S. Thompson, of Philadelphia, Pa., for respondent.
Howard M. Long, of Philadelphia, Pa., for the Minerva.

DICKINSON, District Judge. This cause presents unusual and interesting features upon which there is no need to dwell because they have been eliminated by the stipulations of the parties. They are in consequence best disposed of by being sidestepped beyond being mentioned, so that the real questions to be determined may be presented.

The cause began with a libel filed against the Hainesport Company to enforce what was averred to be the charter party covenant of the company to return in good condition the barge Gladys, which had been demised by the libelant to that company, and which had stranded and become a total loss. The original respondent then, under admiralty rule 59 (29 Sup. Ct. xlvi), impleaded the tug Minerva on the averment that the loss of the barge had been wholly due to the negligence of the tug which had the barge in tow, and because of this the tug was answerable not only for the value of the barge, but also for the damage thereby sustained by the Hainesport Company.

The answer of the tug denied the averment of negligence on its part, and set up that the stranding of the barge was due solely to the negligence of its crew, or that this at least was a largely contributing cause of the damage incurred. There is a denial, also, that the damage done was as great as had been claimed. A complete transformation had thus been brought in the cause of action as presented by the pleadings. The libel, as before stated, made claim against the Hainesport Company, and planted the right to damages upon the covenants of the charter party. There was no averment of negligence made against the original respondent, nor against the tug, with which the libelant had no contractual relations, and the latter not being then a party to the proceedings.

The subsequent proceedings transformed the action into one as if the libelant as owner and the Hainesport Company as pro hac vice

owner had joined in a libel against the tug, averring the damage from the loss of the barge to have been due to the negligence of the tug, and the latter retorting the charge by setting up the negligence of the crew of the barge, or as if the libel had been so filed against the tug, and the latter had brought in the Hainesport Company as wholly or in part answerable for the damage because of its negligence. The course of the trial was consistent with such a change of proceedings. The original libelant admitted there was no charter party covenant on which to found its action, and no negligence on the part of the Hainesport Company; the negligence of the tug not being the negligence of the company, for the reason that the latter was an independent contractor, and the company had met its full obligation of duty by the exercise of good judgment in its selection of the tug.

We were accordingly asked to determine the issues as thus presented at the trial. These were: (1) The negligence of the tug; (2) the negligence or conegligence of the Hainesport Company; and (3) the amount of the damage, if the negligence of the tug was found. We are quite ready to do this, and one clear way to do it is to treat the stipulations of the parties as an amendment of the libel, so that the case as pleaded may be the case as tried. The proctors of the respective parties were fully justified in so stipulating. The issues, as above outlined, must be met in some form. The libelant was unable to maintain its action as at first set forth.

The obligation of one who, by virtue of a charter party or other form of demise, becomes pro hac vice the owner of a vessel, is ordinarily and primarily the obligation of a bailee for hire. The obligation does not rise to that of an insurer, unless the assumption of the liability of an insurer appears by a clear covenant of the charter party. An obligation, which was not in strictness contractual, but which was an obligation of duty arising out of a contractual relation, might, it is true, be enforced, even at law by an action either on the contract or in tort; but the measure of the obligation is not enlarged by a suit on the contract.

This means that the libelant could recover only on proof of negligence, and the case of the libelant against the Hainesport Company was barren of any such proof. The principles of admiralty law applicable are so fully and so well formulated in the statement of them to be found in the case of Mulvany v. King, 256 Fed. 612, 167 C. C. A. 642, that acceptance of them by the libelant was compelled and frankly made.

[1] There was the like justification for the tug meeting the question of its responsibility as frankly as was done. At least as early as the Act of July 22, 1813 (Comp. St. § 1547), color of sanction was given to the practice of impleading a party (not made a respondent) whose negligence was averred to have been the sole cause of the damage or to have contributed thereto. The practice was at all events followed by the courts, and was distinctly recognized and the principles on which it rested proclaimed in the case of The Hudson (D. C.) 15 Fed. 162. This was almost immediately followed by the promulgation of rule 59. This rule, it is true, in terms has no application, because

it is limited to collision cases. The principle had been accepted, however, by the trial courts before the adoption of rule 59, and was not rested upon the authority of any specific rule. Since then it has been applied in almost numberless cases other than collision cases, and third parties have been thus impleaded, not necessarily at the instance of the libelant by way of amendment, but at the instance of the original respondent.

In a case in which this was done the Supreme Court refused a writ of prohibition, although, the refusal being on other grounds, the propriety of the practice was not decided. In re New York & Porto Rico Steamship Co., 155 U. S. 523, 15 Sup. Ct. 183, 39 L. Ed. 246. Further pursuit of the subject may be dropped, as the question is not raised, but, on the contrary, we are asked to determine the cause on the trial issues.

[2] The cause of action against the tug Minerva was based upon the familiar principle that a party whose negligence causes injury to the property of another must respond in damages. The case against the tug and the defense set up razees itself into one of findings of facts. The facts are accordingly found as follows:

### Finding of Facts.

(1) The tug Minerva was guilty of negligence which caused the stranding of the barge Gladys, and her consequent loss, and all the damage which flowed therefrom.

(2) The Hainesport Company was guilty of no negligence which contributed to the damage done.

(3) The loss of the barge caused damage to the libelant to the amount of $2,500.

(4) The stranding of the barge is claimed by the Hainesport Company to have caused damage to it in the sum of $349.40, being the sum of the expenses to which it was thereby subjected, and the damages are so found.

### Conclusions of Law.

The libelant is entitled to a decree awarding judgment in the sum of $2,500, and the Hainesport Company to judgment for $349.40, with interest and costs, and such decree may be submitted.