## BERWIND WHITE COAL MINING CO. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. November 1, 1926.)

No. 37.

Shipping ⟨⟩54—Under charter party demising barge, with provision for owner assuming risks, held, charterer's negligence was excused, and the measure of its obligation was limited to continuance of the hire, when barge was laid up through its fault.

Charter party demising barge, with provision that owner assumes the marine and all other risks (including risks usually covered by protection and indemnity insurance) and that, except as aforesaid, barge shall be returned to owner at expiration of service, and time lost in consequence of any deficiency in these respects (seaworthiness and the like), and in making repairs to barge not attributable to charterer's fault, is not to be paid by charterers, *held* to excuse charterer's negligence, and merely to continue the hire when barge was laid up through charterer's fault, as effect cannot otherwise be given the language, since charterer would normally be liable for negligence, and for nothing more.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by the Berwind White Coal Mining Company against the United States. From an adverse decree, the United States appeals. Reversed.

Appeal by the respondent, in a suit under the Tucker Act (24 Stat. 505) from a decree of the District Court for the Southern District of New York, holding it liable for damages to a barge, injured while in its possession.

The petitioner was the owner of a barge, which it demised with a bargee to the United

States under a charter party which, so far as relevant, read as follows: "The owner assumes the marine and all other risks (including risks usually covered by protection and indemnity insurance). Except as aforesaid, the barge shall be returned to the owner at the expiration of the service." Again: "The time lost in consequence of any deficiency in these respects"—i. e., seaworthiness and the like—"and in making repairs to said barge, not attributable to the fault of the United States or its agents, is not to be paid for by the United States."

While under hire the barge was injured through the negligent towage of a tug manned and operated by the Quartermaster's Corps of the Army, which had possession of her.

The District Court thought that the clause recited did not cover negligence of the bailee, and held the respondent liable under covenant to redeliver.

Emory R. Buckner, U. S. Atty., and Horace M. Gray and Frederick A. Whitney, Sp. Asst. U. S. Attys., all of New York City.

Macklin, Brown & Van Wyck, of New York City (Paul Speer, of New York City, of counsel), for appellee.

Before MANTON, HAND, and MACK, Circuit Judges.

HAND, Circuit Judge (after stating the facts as above). As a bailee, the respondent would normally be liable for negligence, and for nothing more. C. F. Harms Co. v. Upper Hudson Stone Co., 234 F. 859, 148 C. C. A. 457 (C. C. A. 2). Indeed, in this circuit a covenant to redeliver in good condition, less wear and tear, adds nothing to the charterer's obligation. Mulvaney v. King Paint Co., 256 F. 615, 167 C. C. A. 642; Wandell v. New Haven Trap Rock Co. (C. C. A.) 285 F. 339; Simmons Transportation Co. v. Wright & Cobb Co, (D. C.) 290 F. 454, affirmed (C. C. A.) 296 F. 1023. Thus, unless the clause relieved the charterer of negligence, it was brutum fulmen. Such a contract was lawful; the only question is what it meant. The case is similar in principle to City of New York v. Clyde Lighterage Co., 13 F.(2d) 533 (C. C. A. 2), though the words there used were very different. We ought to give some effect to the language chosen, if we can, and, as no other can be found but to excuse the charterer's negligence, it must have that.

Each side relies on New Orleans-Belize Co. v. U. S., 239 U. S. 202, 36 S. Ct. 76, 60 L. Ed. 227; but we think it makes for the appellant. To be sure, in that case there was no demise; but the charter party contained a covenant to redeliver in good order, for which the charterer had no excuse but in the exculpatory clause. See, also, Morgan v. U. S., 14 Wall. 531, 20 L. Ed. 738. It is quite true that the opinion was at some pains to say that the charter was not a demise, which, if we are right, was irrelevant.

On this the appellee bears hard, and rightly. However, it was apparently the chief point argued at bar, and courts are apt to follow counsel's lead in such matters. In any case, we do not see how the clause can be an excuse for a breach of the charterer's covenant to redeliver when he is not a bailee, and not an excuse when he is. There ought to be no more reluctance so to construe the language when it exonerates a bailee from negligence than an ordinary charterer, who by his orders carelessly exposes the ship. Nor, if we are to suppose that upon a demise there is an implied covenant to redeliver alongside of the express, should we treat the former as more immune from such an exception than its fellow.

The clause continuing the hire when the barge was laid up through the fault of the United States seems to us the measure of its obligation. For the rest the owner must look to his underwriters.

Decree reversed.