## CUMMINGS v. PENNSYLVANIA R. CO.
### No. 6.

Circuit Court of Appeals, Second Circuit.

Nov. 3, 1930.

William F. Purdy, of New York City (John E. Purdy, of New York City, of counsel), for appellee.

Burlingham, Veeder, Fearey, Clark & Hupper, of New York City (Chauncey I. Clark and Paul Tison, both of New York City, of counsel), for appellant.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

This action was originally brought in the Supreme Court of the state of New York, New York county, and was removed on petition of the defendant. On March 15, 1928, the barge Edward E was orally chartered by the plaintiff to the defendant and subsequently the charter was confirmed by letter. The barge was inspected by the plaintiff, found to be in good condition, and delivered to the defendant that day. The next day the defendant notified the plaintiff that the barge was damaged, and was directed to take her to dry dock. This was done March 17th, and a survey disclosed severe damage. Although the defendant introduced some evidence tending to show what it had done with the barge, there was nothing to explain how or why it had been damaged.

On the duty of the defendant to explain this damage, after the plaintiff had at least laid its prima facie case by showing delivery in good condition and the fact of damage while in the custody of the defendant, the court at first instructed the jury as follows:

"Where a boat is chartered in good condition under a charter party, that requires the boat to be returned in the same condition as when received except for reasonable wear and tear, and it is returned in a damaged condition, there is a presumption of negligence against the charterer. This is, however, a disputable presumption, and it may be overcome and overthrown by other evidence in the case which satisfies the jury to the contrary when all of the facts and circumstances in proof are considered.

"If you find from a preponderance of all of the evidence that the barge was injured while in the exclusive possession of the defendant, as bailee, then a presumption of negligence attaches by reason of such finding, if made, and in such event the defendant must show how the injury occurred and establish that it was free from negligence."

Of course, this went too far in placing upon the defendant the burden of showing "how the injury occurred," for the presumption of negligence may be rebutted without necessarily doing that. To require it, would place the liability of the defendant, not on negligence alone as it is, Clark v. United States, 95 U. S. 539, 24 L. Ed. 518; Tomkins Cove Stone Co. v. Bleakley Transportation Co., Inc., et al. (C. C. A.) 40 F.(2d) 249, 250; Bushey v. Hedger (C. C. A.) 40 F.(2d) 417, 418, but on some added duty to prove itself omniscient respecting the injury as well as to rebut the presumption of negligence. The law on the subject was later correctly stated in the charge as follows:

"If the jury find from a preponderance of all of the evidence that plaintiff's barge was in tight, staunch, strong and seaworthy condition when delivered under charter to the Pennsylvania Railroad Company, and was damaged when returned to plaintiff, your verdict must be for the plaintiff, unless defendant shows either how the damage occurred, and, second, that none of defendant's acts caused or contributed to that damage, or, first, everything it did with respect to the plaintiff's barge during the charter period, and, second, that none of its acts were negligent, as I have defined negligence in this charge."

■■ If the latter cured the error in the former, all is well, but it is impossible to reach that conclusion. Having been told plainly that the plaintiff was cast unless it explained how the injury occurred and established that it was free from negligence, nothing short of an express repudiation of that charge coupled with a correct statement of the law can be thought to have erased the erroneous impression from the minds of the jurors. The subsequent charge given, not as an express correction and with no attempt to point out to the jury the difference between it and what had previously been said, would, in all probability, have been treated only as a restatement of what had gone before. Quite likely the jury was unaware of any change. At best, it did know of it and was left to take its choice between two inconsistent statements of the law, one of which was wrong and one right. This so deprived the defendant of its right to have the jury plainly and correctly instructed to the end that there should be no

misapprehension of the law that the exception to the charge based on this ground must be sustained. Deserant v. Cerillos Coal Railroad Co. 178 U. S. 409, 20 S. Ct. 967, 44 L. Ed. 1127; Memphis Furniture Manufacturing Co. v. Wemyss Furniture Co. (C. C. A.) 2 F.(2d) 428, 432.

Judgment reversed.