ALPINE FORWARDING CO. v. PENNSYL-VANIA R. CO.

No. 437.

Circuit Court of Appeals, Second Circuit.
July 21, 1932.

Burlingham, Veeder, Fearey, Clark & Hupper, of New York City (Roscoe H. Hupper and Adrian J. O'Kane, both of New York City, of counsel), for appellant.

Purdy & Purdy, of New York City (John E. Purdy and William F. Purdy, both of New York City, of counsel), for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

The plaintiff owned a barge which it orally demised to the defendant from day to day on a per diem hire, the bailor to furnish a bargee, the bailee to pay him and use her at its pleasure, and to return her at the end of her service. There was no express promise to return in good condition. Nine months later the defendant was towing her, lightly laden, on the starboard side of a tug with a lighter outside, and two lighters on the tug's port side, from Greenville, New Jersey, to Brooklyn. The tug had put the lighters at their several slips, and with the barge alone was coming to her destination, when, less than two hundred feet away, for some unknown reason she suddenly began to settle and sank. When raised, it was found that of the thwartships planks which formed her bottom, that nearest the stern "mud log" was gone. On the side of one of the fore and aft bilge logs there was a nine inch bruise or gouge, just above one end of the missing plank, about three inches wide and a half inch deep, which could have been made by a descending blow that, if carried below the bilge log, would strike the end of the plank, and might loosen it from its seat. The barge had been repaired fifteen years before, but it did not appear how old the plank was; it was spiked to the bilge-log and had been torn away, leaving some of the spikes in position. Nobody could explain how the plank had been loosened, or whether it was torn off in raising the barge, though obviously she had suffered some damage before she settled and sank.

The plaintiff sued at law upon the bailment, charging only a failure to return in good condition, reasonable wear and tear excepted; the answer denied some of the allegations, but pleaded no defence. Upon the trial the plaintiff proved the delivery and return in bad condition and rested. Strictly the complaint was bad on its face; the bailee can be held only for his negligence in the case of a demised barge. Harms Co. v. Upper Hudson Stone Co., 234 F. 859 (C. C. A. 2); The Junior, 279 F. 407 (C. C. A. 2). Indeed even a promise to return in good condition imposes no greater obligation, at least in this circuit [Mulvaney v. King Paint Co. (C. C. A.) 256 F. 612, 615; Wandell v. New Haven Trap Rock Co. (C. C. A.) 285 F. 339; Berwind White Coal Mining Co. v. U. S. (C. C. A.) 15 F.(2d) 366]; though whether it places the burden of proof upon the bailee to excuse his default has apparently never been decided. The defect in the complaint probably arises from confusing a sufficient

prima facie case with a sufficient pleading; it is common in the admiralty. But it is nevertheless a defect (Claflin v. Meyer, 75 N. Y. 260, 264, 31 Am. Rep. 467), because a party must plead all he must prove, and he must prove the fault [Taylor Bros. Lumber Co. v. Sunset Lighterage Co., 43 F.(2d) 700, 702 (C. C. A. 2)]. Since however the defendant has not raised the question, we proceed as though the complaint had alleged that the bailee's default was due to its neglect.

▮ The bailor, upon proving the bailment and injury, is entitled to the benefit of a presumption of fault which the bailee must meet by showing, either how the barge was injured, or that however that was, it was not due to his neglect. Cummings v. Pennsylvania R. Co., 45 F.(2d) 152 (C. C. A. 2); Schoonmaker Conners Co. v. Lambert Transp. Co., 268 F. 102 (C. C. A. 2). The second alternative requires proof of all that the defendant has done with regard to it. In the case at bar the defendant proved that on the trip from Greenville to Brooklyn nothing untoward happened, thus covering so much of its custody. To prove that it was not at fault before the trip began it relied upon the bargee, who said that he had been always aboard during the day, and that while he was there the barge had not collided with anything that could have loosened the plank; that he used to pump her out every eight or fifteen days unless he found occasional water in her at other times; but that ordinarily he did not stay on her at night. It was not shown that he had been on her the night before the accident; and he could not remember whether he had been in her hold that morning or the morning before. This evidence did not exhaust all the possibilities, or prove that the barge had not been injured while in the defendant's custody. It replies that if the plank had been so far loosened before the barge set out that ordinary towing would sink her, she would have made enough water for the bargee to discover. But this it did not prove; it by no means follows a priori, and indeed the plaintiff put in evidence to the contrary. For all we know, a plank might be so loosened that the normal incidents of towage might cause it to give enough to sink her; and still she might not leak before she set out. Moreover, it does not definitely appear that she had not begun to leak before she left New Jersey, for, as we have just said, the bargee could not be sure that he had examined or pumped her that morning. It is consistent with the evidence that she might have been struck the night before, even though we assume that any blow which could make her sink en route would necessarily have shown as a leak on starting. Thus, the defendant did not meet the presumption, and the judge should have directed a verdict for the plaintiff. As the jury brought in the same verdict, his charge made no difference.

▮ However, as he appears to have misapprehended the effect of our decision in Cummings v. Pennsylvania R. Co., 45 F.(2d) 152, we take this occasion to refer to that case. The presumption on which the bailor may rely is a mere rule for the conduct of the trial. It puts upon the bailee the risk of a directed verdict if he does not meet it, but it does no more; once he has done so, it disappears from the case. Thus, it can never concern the jury; if the judge is satisfied that the bailee has met the presumption by substantial evidence, the bailor has lost his initial advantage; he must prove the issue, which is the bailee's fault, though he may use the bailee's evidence, so far as it will help him, which ordinarily it will not. Plainly, if the evidence which raises the presumption made a conclusion in the bailor's favor rationally permissible, there would be no need for it at all; its existence presupposes the opposite. So far as that evidence supports the issue, of course it is before the jury for the same use as any other, including the bailee's. All this we discussed at some length in Pariso v. Towse, 45 F.(2d) 962. It follows that the jury are not to cut the case in parts, and decide first whether they believe the bailee's negative evidence, and, if not, whether they believe the bailor's in the affirmative. So to divide the issue in substance requires the bailee to carry the burden of proving his innocence, besides facing the jury with an artificial and impracticable duty. If the trial is properly conducted, the presumption will not be mentioned at all—though the judgment need not of course inevitably be reversed if it is—but the jury will merely be told to decide upon the whole evidence whether the bailor has proved the bailee's fault. Cummings v. Pennsylvania R. Co. (C. C. A.) 45 F.(2d) 152, did not turn upon this question; we reversed the judgment because the judge had in effect charged the jury that the burden was on the bailee, and had not adequately corrected the mistake by other language, which while it correctly stated the law in the abstract, was not plain enough. We did not say that it was ever

proper to tell them anything about the presumption, for that is solely for the court.

Judgment affirmed.