## NEW HAVEN TRAP ROCK CO. v. UNITED STATES.

Civ. 3160.

District Court, D. Massachusetts.

May 28, 1936.

Burnham, Bingham, Pillsbury, Dana & Gould, of Boston, Mass., for libelant.

Harold P. Williams, U. S. Atty., and George R. Farnum, both of Boston, Mass., for the United States.

BREWSTER, District Judge.

In this libel the libelant, as owner of the scow John H. Ryerson, seeks to recover damages resulting from the alleged

negligence of the libellee in permitting the scow to strike a rock as she was being docked, and in failing to securely tie the scow to the dock.

The negligence of the United States is not in issue. The only question presented is whether, under the terms of the contract existing between the libelant and the government, it can be held for the full amount of the damages. The contract between the parties is evidenced by correspondence. Under date of March 17, 1920, the libelant addressed a letter to the attention of Captain Gross, representing the government, in which it quoted price for immediate delivery of crushed trap rock. This letter contained the following paragraph: "You to do the towing and to pay us $18.00 per day for the barge. The time of barge will be computed from the time same is put in your service until it is returned to us light."

On March 25, Captain Gross replied that the libelant's offer was accepted, subject to the following conditions:

"1. That the United States will do the towing.

"2. That the New Haven Trap Rock Company will furnish one scow of approximately 750 ton capacity to be paid for by the United States at the rate of $18.00 per day, the time of barge being computed from the time it is placed in the service of the United States until it is returned light. * * *

"5. That it is understood that after taking scows in tow from your wharf to Fort Michie, the United States will be responsible for any accidental damage thereto, but will not be responsible for damages such as are ordinarily covered by fire insurance or marine insurance."

This counterproposition was accepted, and the libelant delivered to the government the scow John H. Ryerson.

The United States has estimated that the loss sustained, directly attributable to this accident and not covered by insurance, amounted to $414, and has authorized the United States Attorney to consent to a final decree in favor of the libelant for that amount, without interest. This estimate is made up from libelant's vouchers showing damages arising from the accident. I do not understand that the amount is in controversy.

It is the libelant's contention that, notwithstanding the conditions imposed by the government in its counterproposition of March 25th, it can still hold the government for the full amount of the loss. The argument is that the condition is to be considered as an attempt to exonerate a party engaged in towage from the consequences of its own negligence. Compania de Navegacion Interior, S. A., v. Fireman's Fund Ins. Co. (The Wash Gray), 277 U.S. 66, 48 S.Ct. 459, 72 L.Ed. 787; The Syracuse v. Langley, 12 Wall. 167, 20 L.Ed. 382.

I can see two objections to this contention. In the first place, the contract was not a towing contract. The United States did not undertake to tow the libelant's barge. It was engaged in towing its own materials to the work into which the trap rock was going, and had hired the libelant's scow for that purpose. Furthermore, the contract did not provide for complete exoneration from the consequences of negligence, but only limited its liability to such losses as were not adequately covered by insurance. To this limitation the libelant agreed, and I am unable to discover any principle of law declaring such a limitation invalid on grounds of public policy, or otherwise. Santa Fe, Prescott & Phoenix Ry. Co. v. Grant Bros. Construction Co., 228 U.S. 177, 33 S.Ct. 474, 57 L.Ed. 787; Newport News Shipbuilding, etc., v. United States. (C.C.A.) 34 F.(2d) 100. See, also, The Drayton Thurston (D.C.) 4 F.Supp. 58.

In an analogous situation with common carriers where there was a provision in the bill of lading that the carrier should have the benefit of the shipper's insurance, the court said: "Such a clause is valid, because the carrier might himself have insured against the loss, even though occasioned by his own negligence; and if a shipper under a bill of lading containing this provision effects insurance and is paid the full amount of his loss, neither he nor the insurer can recover against the carrier." Luckenbach v. W. J. McCahan Sugar Ref. Co., 248 U.S. 139, 39 S.Ct. 53, 54, 63 L.Ed. 170, 1 A.L.R. 1522.

In Berwind White Coal Mining Co. v. United States (C.C.A.) 15 F.(2d) 366, a barge was chartered to the United States. The charter party provided that the owner assume the marine and all other risks (including the risk usually covered by protection and indemnity insurance). While under hire the barge was injured through the negligent towage of a tug manned and operated by the Quartermaster's Corps of

 

the Army. The District Court thought the clause did not cover negligence of the bailee, and held the United States liable under a covenant to redeliver. On appeal, the Circuit Court of Appeals reversed the decree of the District Court, holding that the clause relieved the charterer of negligence, and that the contract was lawful.

I am convinced that the offer of the government to abide by a decree in favor of the libelant for $414 is adequate to cover the liability of the United States, and a decree for that amount may be entered.