## THE INTERPORTS NO. 767.

## THE INTERPORTS NO. 765.

## INTERPORTS TRANSP. CORPORATION v. MAINE SEABOARD PAPER CO.

District Court, S. D. New York.
Dec. 30, 1936.

Macklin, Brown, Lenahan & Speer, of New York City (Richard F. Lenahan, of New York City, of counsel), for libelant.

Burlingham, Veeder, Clark & Hupper, of New York City (Roscoe H. Hupper and Norman M. Barron, both of New York City, of counsel), for respondent.

MANDELBAUM, District Judge.

The libelant, the owner of the barges Interports No. 767 and Interports No. 765, chartered in writing to the respondent the aforementioned barges for a period of three months, at an agreed rate per day.

The only claim in dispute is the damage to the barge Interports No. 767 which occurred at about 2:30 p. m. on September 2, 1935, while the barge was lying at the respondent's loading dock in Haycock Harbor, Me.

The court finds that barge Interports No. 767 became stranded on the ledge near the loading berth at Haycock Harbor and that damage to her resulted from an error of navigation on the part of the gasoline launch, hired by the respondent as a tow, in attempting to move the barge from the ledge.

Respondent contends that clauses 6 and 11 of the charter party bar recovery by the libelant for any damage to the barge caused by any error of navigation.

Clause 6 reads, in part: " * * * In all matters relating to the navigation of said Barges, masters to be agents of Owner, and the Owner to relieve Charterer from any loss or damage to said barges caused by errors of navigation."

Clause 11 reads, in part: " * * * and errors of navigation throughout this charter party, always mutually excepted."

The libelant urges that these clauses relieve the respondent from liability for error of navigation committed only by the master of the chartered barge, but do not exempt the respondent (charterer) from liability for the negligence of the gasoline launch engaged in towing the barge.

Since the charter party at bar does not involve any question of public policy, it may be said that the parties have the right to provide by apt language against liability for negligence.

The court must take cognizance of the fact that there could be no recovery against the respondent, if the damage was caused exclusively by an error of navigation on the part of the libelant's own captain, *even in the absence of a protective provision in the contract.*

The barge in question had no motive power of its own. It is, therefore, a proper assumption that it was within the contemplation of the parties that the respondent would of necessity be obliged to engage a tow to propel the barge.

The court cannot conceive that clauses 6 and 11 were inserted in the contract for any purpose other than to relieve the charterer from liability for errors of navigation committed by the master of the barge *or any one else engaged in navigat-*

*ing her,* and therefore any other construction would render the contract meaningless and would in effect vary the bargain and contract which the parties made. See City of New York v. Clyde Lighterage Co. Inc. (C.C.A.) 13 F.(2d) 533, 534; Berwind White Coal Mining Co. v. United States (C.C.A.) 15 F.(2d) 366·

Decree for respondent dismissing the libel.