## THE MATCH LIGHT.

### THE JOSEPH MESECK, JR.

### THE SHIRLEY KELLER.

O'BRIEN BROS., Inc., v. PENNSYLVANIA R. CO. (MESECK TOWING LINES, Inc., Impleaded).

No. A. 16039.

District Court, E. D. New York.
June 9, 1941.

Foley & Martin, of New York City (Christopher E. Heckman, of New York City, of counsel), for libellant.

Burlingham, Veeder, Clark & Hupper, of New York City (Frederic Conger, of New York City, of counsel), for respondent.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Robert S. Erskine, of New York City, of counsel), for respondent impleaded.

Dow, McAllister & Symmers, of New York City (Gerard M. McAllister, of New City, of counsel), for tug Shirley Keller impleaded.

INCH, District Judge.

Libellant, O'Brien Bros., Inc., owned the scow Match Light. At the time in question it was under charter to the Pennsylvania Railroad Company. While such bailment existed the scow was damaged and accordingly libellant sued the bailee.

The burden was upon libellant to prove that the scow was damaged through the fault of the bailee. Alpine Forwarding Co. v. Pennsylvania R. Co., 2 Cir., 60 F. 2d 734, 736. I am satisfied from all the

testimony that no such fault has been proven, hence the libel against the Pennsylvania Railroad Company will be dismissed.

The Pennsylvania Railroad Company impleaded the tug Joseph Meseck and said party duly answered. It seems that the tug Meseck had taken the Match Light with other scows from the safe berth on the side of the slip (where she had been placed by the Pennsylvania Railroad Company) in order to make way for the docking of the steamship Topa Topa. Thereafter the Meseck tied these scows to some other boats further up the slip. There is a dispute whether she tied them or not but if she did attempt to tie them up she carelessly failed to make them secure before she left the slip and they were not placed in a safe berth.

There is no dispute but that the Match Light was shortly thereafter found to be adrift and she collided with the moving propeller of the steamship Lightening which lay alongside the pier and which was preparing to leave. The owners of the tug Meseck impleaded the tug Keller on the theory that it was this tug that had caused the Match Light to go adrift by reason of the fact that the Keller, at the time, was drilling out some scows and in doing so carelessly caused the Match Light to go adrift.

A witness testified that it was not unusual for a tug to put scows up the slip and leave them apparently for someone else to tie up. I can hardly believe such careless procedure existed but, at any rate, the duty rested upon the Meseck to see that the Match Light was in some way securely tied up in a reasonably safe berth. This, witnesses for the Meseck say, was done. But the proof is that the Match Light shortly after was adrift and damaged. If it was clearly proven that the employees of the Keller let the Match Light drift there would be no difficulty in placing the blame on that tug but no such proof exists. Before finding that the latter took place there should be clear and convincing testimony that the Match Light had been securely and safely moored and that this security was taken away by some deliberate act of the employees of the Keller.

There is testimony that the Match Light and her sister scows were tied up by a single line to another scow alongside the bulkhead among which scows the tug Keller was known and then seemed to be drilling out certain of them for its own purpose. While I prefer to find that some attempt was made by the Meseck to tie up the Match Light rather than she deliberately set her adrift it was equally careless to simply tie her up by a single line to a scow which was one of a number being moved or liable to be moved by the action of the Keller and not standing by to see that the Match Light was secure in the temporary berth so selected in the circumstances.

This being so the negligence of the Meseck is so clear it is unnecessary to speculate on the alleged negligence of the Keller or the employee of the Moore & McCormick Company who was on the Keller.

Decree with costs for libellant against the Meseck. Libel dismissed as to others.

If this opinion is not considered sufficient compliance with the Rule 46½ of the Rules in Admiralty, 28 U.S.C.A. following section 723, findings of fact and conclusions of law in accordance herewith may be submitted.