## EDWARD G. MURRAY LIGHTERAGE & TRANSP. CO., INC., v. PENNSYLVANIA R. R.

No. 326.

Circuit Court of Appeals, Second Circuit.

July 6, 1942.

Burlingham, Veeder, Clark & Hupper, of New York City (Chauncey I. Clark and Edward L. Smith, both of New York City, of counsel), for appellant.

Foley & Martin, of New York City (James A. Martin and Christopher E. Heckman, both of New York City, of counsel), for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

PER CURIAM.

The bailee of a scow does not discharge himself of the duty thrown upon him by returning it damaged, unless he offers some evidence to show, either how the injury happened and that his negligence did not cause it; or that, however it did happen, his fault had no part in it. Cummings v. Pennsylvania R. Co., 2 Cir., 45 F.2d 152; Alpine Forwarding Co. v. Pennsylvania R. Co., 2 Cir., 60 F.2d 734; The E. T. Halloran, 2 Cir., 111 F.2d 571. The respondent showed neither; it could not tell whether the wind had swung the tow into the path of the passing tow, or whether the fault was of that tow which shaved too close. Moreover, there was positive evidence in the libellant's favor, for it certainly was a fault not to look behind when passing so near, although it is true that the libellant did not prove that the collision resulted from that neglect. However, it well may have done so. The respondent's tow was 100 feet wide; the two tugs passed at a distance of only 100 feet, which would leave only 50 feet between the port side of the tow and the passing tanker. The distance from the tug to the point of injury on the "Murray Lake" is in some doubt. The tug master said that the distance from the end of the last boat in his tow to his tug was from 450 to 500 feet; and presumably that is what the judge meant when he found that to be the length of "the flotilla." If that be right, the point of collision on the "Murray Lake" was at least 280 feet from the tug, and the tow needed to tail off not more than ten degrees to strike. The wind might easily cause a tow with so much freeboard to swing off so far, and the argument that the "tide" would correct the swing is merely another instance of the apparently inveterate fallacy that a tide will affect the relative position of two vessels both floating in it. The respondent did not show that its fault played no part in the collision and the presumption must prevail.

Decree affirmed.