## BANKS et al. v. CHAS. KURZ CO. et al.
### No. 225 of 1945.

District Court, E. D. Pennsylvania.
Feb. 11, 1947.

Howard M. Long and Howard T. Long, both of Philadelphia, Pa., for libellants.

Krusen, Evans and Shaw, by Rowland C. Evans, Jr., all of Philadelphia, Pa., for respondent.

KALODNER, Circuit Judge.

The Court disposed of the instant case on the pleadings and the evidence on November 18, 1946, amending certain findings on November 29, 1946. In the petition for reargument, which is the reason for this writing, the respondent asks reconsidera-

tion of three issues: (1) The matter of agency; (2) the nature of the hire agreement; and (3) the application of the presumption of negligence against it. A decree in favor of the respondent or a new trial is requested.

I. Little discussion of the first point is required, for the Court is not disposed to change its opinion as to the credibility of the witness. Matters dehors the record now suggested by the respondent, such as the size of the libellants' offices and the number and authority of the employees there, cannot be considered.

II. On the issue of the hire agreement, the respondent contends, for the first time, that its legal nature was that of a time charter. However, the findings of the Court in the original opinion, and the discussion thereof, clearly classify the agreement, on the evidence and the law, as the usual oral demise of barges without motive power. The case of Tompkins Cove Stone Co. v. Bleakley Transportation Co., 3 Cir., 1930, 40 F.2d 249 refutes the argument that the cases relied on by the Court, holding the ordinary oral harbor charter to constitute a demise, are peculiar to New York harbor.

Furthermore, the evidence is contrary to the present assertion that each barge was hired to make one single trip to pick up and discharge a load of slag ballast; rather, it affirmatively discloses an intention on the part of the respondent to use the barges as it saw fit, for carriage or for storage, for as long as it found necessary or desirable.

Finally, the assertion that the libellants carried insurance on the barges, failing to collect thereon because no bargees were aboard at the time of the accidents, is neither decisive nor persuasive with respect to the libellants' understanding of the agreement. Retention of insurance, by the owner, covering a bailed subject is not necessarily inconsistent with an intention to bail.

III. For its last point, the respondent submits that the Court erred in applying the presumption of negligence against it. The contention is based on the premise that the respondent satisfied its obligation to show how the damage was caused; hence the benefit of the presumption of negligence, attending proof of delivery in good condition and redelivery in bad condition, was lost to the libellants.

The general rule, as noted in the discussion accompanying the original disposition of this matter, is that on the establishment of a prima facie case by the bailor, negligence is assumed as against the bailee unless he shows how the injury occurred, or that however it happened, it was not due to the bailee's fault. Alpine Forwarding Co. v. Pennsylvania R. Co., 2 Cir., 1932, 60 F.2d 734, 736, certiorari denied 287 U.S. 647, 53 S.Ct. 93, 77 L.Ed. 559.[1] The logic is manifest. The bailee, having charge of the vessel, is in a better position to relate the circumstances of the accident, or to show his conduct toward the vessel. Knowing how the accident occurred, or knowing all that the bailee did with regard to the vessel, the Court is enabled to determine the existence of fault.

The respondent does not profess to have satisfied the obligation of showing that however the damage occurred, it was not due to its neglect. The issue, then, is whether it established how the injuries occurred.

This Court found that the scow "B. & O." was damaged by external contact. The evidence described the damage which resulted in its capsizing, but the record is completely devoid of any explanation as to what happened to bring about the contact. The same is true of the "Winchester"; there is nothing to show how the contact with an unknown ship's propellers came about. If the Court were to put the burden of proving negligence on the libellants on this state of the record, it would, in effect be requiring them to show

---

[1] This case was cited in the same Circuit for the proposition that the bailee must show "either how the injury happened and that his negligence did not cause it; or that, however it did happen, his fault had no part in it." Murray Lighterage & Transportation Co. v. Pennsylvania R. R., 2 Cir., 1942, 130 F.2d 199. Also Cummings v. Pennsylvania R. Co., 2 Cir., 1930, 45 F.2d 152.

how the damage came about. The obvious inference that the damage to the "B. & O." came about through contact and the apparent fact that the damage to the "Winchester" resulted from the blows of a ship's propeller, are insufficient explanations, if indeed they are explanations, of the occurrence of the accidents to justify the position of the respondent. The burden is on the respondent to "explain the situation". Tompkins Cove Stone Co. v. Bleakley Transp. Co., supra, 40 F.2d at page 251.

The case of Waldie v. Steers, 2 Cir., 1945, 151 F.2d 129, urged as controlling the case at bar, offers no aid to the respondent, for in that case, there was a complete account of how the accident involved came about. Here, the respondent has failed to "explain the situation."

Moreover, the record affords no basis for concluding that there was no direct causal connection between the damage and the respondent's acts. The second alternative of the rule required proof of all that the respondent did with regard to the boats. Alpine Forwarding Co. v. Pennsylvania R. Co., supra, 2 Cir., 60 F.2d at page 736. If the respondent did nothing more than what the evidence in this case discloses, then clearly it has not met the burden.

The request for a decree or for a new trial is denied.

An order may be entered accordingly.